## SUPERIOR COURT.

### HARLOW agt. HAMILTON AND WIFE AND MOORE.

The 160th section of the Code, providing for striking out irrelevant and redundant matter, was not intended as a substitute for a demurrer.

Irrelevant or redundant matter may be contained in a pleading which contains a good cause of action or defence.

Mere matter of evidence is never to be pleaded.

The allegations in a pleading which are to be taken as true, if not controverted by the other party, are *material* allegations.

Nothing is admitted, by an omission to answer it, but what is well pleaded.

When a pleading is palpably frivolous, the proper course is to demur or to move for judgment under § 247, or to move to strike it out under § 152.

In *gross* cases of frivolous pleading, the party may treat it as a nullity.

(*This agrees substantially with the case of Nichols agt. Jones, ante 355, upon the same points decided in that case.*)

*Saratoga Special Term, December* 1851. This action was commenced in October last by summons and complaint. The plaintiff claims to be the owner of two judgments against Alfred Hamilton, recovered in 1851, on which execution against the real and personal property of the said Alfred had been returned by the sheriff of Saratoga county, *nulla bona,* &c. It alleges that before these judgments were obtained, Alfred Hamilton in 1850, with a view of placing his property beyond the reach of his creditors, conveyed it all to the defendant Moore, who immediately thereafter conveyed it to Ann Maria, the wife of defendant, Alfred Hamilton. These conveyances are alleged to have been made without consideration, and the relief demanded by the complaint is to have those conveyances declared fraudulent and void as against the plaintiff's judgments, and to have the said judgments satisfied out of said property.

The answer of the defendant Ann Maria denies all knowledge sufficient to form a belief, that the said Alfred "signed or swore to a confession of judgment in favor of the plaintiff," or that the judgment had been entered thereon as mentioned in the complaint.

She then alleges that the note on which the judgment was obtained was without consideration; that it was given and the judgment confessed when he was drunk and unable to transact business, and that the note was transferred to the plaintiff before it became due.

She denies that the said Alfred was ever indebted to the plaintiff on the note, and the consideration thereof was a liquor and tavern bill against said Alfred, which he was not liable to pay, and she denies all knowledge of the execution, sufficient to form a belief thereof.

She then says that for several years previous to April 1850, the said Alfred had been an habitual drunkard, and was incapable of managing his affairs, and had squandered a large portion of his property; that in 1849 he was judicially declared by the county court to be an habitual drunkard, and the defendant Moore was appointed committee of his estate, and continued in the discharge of that duty until April 1850. That then the said Moore being desirous of being discharged from the trust, applied to the

Harlow agt. Hamilton and wife and Moore.

county court for a suspension of the commission, which was granted; and thereupon the said Alfred transferred all his property, real and personal, to the said Moore, and the said Moore to the said Ann Maria, as her sole and separate property, free from her husband's control and interference, and not to be subject to his debts, and to be held and enjoyed by her as if she was a *feme sole*, which arrangement was approved by the county court. She says that she and the said Alfred have five children depending upon them for support, and the sole object of this arrangement was to place the property in a situation not to be subject to the debts of the said Alfred, and appropriate it for the support of the said Ann Maria and the children. That at the time of this arrangement Moore informed her of all the debts against the said Alfred that he knew of, and that neither Moore or the said Ann knew of the debt for which the judgments were obtained, nor of the judgments.

The answer then states that in January 1850, the plaintiff recovered against said Alfred $1125·44, upon a note given for liquor and tavern expenses, to Rachel Voorman, and another for $200, and not knowing of any other demands against him, the committee did not contest them, but suffered judgment and finally paid them. The plaintiff held the note on which the confession was given, when this suit was settled, but concealed the fact until after he had got his pay for the other demand.

She also denies that at the time of the arrangement above mentioned, she knew of the other judgment mentioned in the complaint, and asserts that that debt was for liquor. And she says that she gave her husband her written obligation to pay him $1000 as the consideration for this arrangement, which he still holds. She says the arrangement was in perfect good faith and with no intent to defraud creditors; and that Moore paid all the debts he knew of, &c. It concludes with some other allegations of no importance.

On the part of the plaintiff a motion was made at the last special term to strike out all the above answer, as redundant, except so much as was intended to put in issue the judgments and execution set up in the complaint, and the averment of the defendants' good faith in making the assignment.

A. MEEKER, *for the Motion.*

GEO. G. SCOTT, *Contra.*

WILLARD, Justice.—There can be no doubt that a considerable part of the complaint is irrelevant and redundant matter, and would have been stricken out on a proper motion. It was entirely unnecessary to set out the record of judgment at length. The record is merely evidence. Nothing more was required as a pleading than to set forth the rendition of the judgment, the time when it was recovered, and the amount, with the averment of jurisdiction. But the defendants answered over, and therefore can not raise this objection.

The 160th section of the Code, which provides for striking out irrelevant and redundant matter, was not intended as a substitute for a demurrer. It takes the place of exceptions for impertinence under the old chancery practice. Irrelevant matter would doubtless have been struck out of a declaration, where the pleading had been stuffed unnecessarily with long recitals, records, &c.

The fact that irrelevant matter could not be allowed to the prevailing party on taxation, was in general in courts of law a sufficient check against the abuse. Irrelevant and redundant matter may exist in a pleading which contains a good cause of action or defence. It generally arises from not distinguishing between pleadings and evidence. Pleading is the logical statement of the facts which constitute the cause of action or the defence, with the requisite statement of time and place. It comprehends affirmative as well as negative allegations; the mode of stating which is sufficiently pointed out in the Code (§ 142, 149, 153, &c.) Mere matter of evidence is never to be pleaded. As bills of discovery are abolished, there can be no object in setting up in the complaint collateral facts with a view to obtain an admission of them, or to treat them as admitted, if not denied. The allegations in a pleading, which are to be taken as true for the purpose of the action, if not controverted by the adverse party, are *material* allegations (*Code*, § 168). Matters upon which no material issue could be framed, are not admitted by omitting to notice them. Nothing is admitted but matters well pleaded.

The irrelevant or redundant matter, which the Code authorizes

Harlow agt. Hamilton and wife and Moore.

to be stricken out, is such as implies that the pleading contains other matter which is material. If the *whole* answer is bad, the proper remedy is to demur, or to move under § 152, to strike it out as an irrelevant defence; or if it be palpably frivolous, to move for judgment under section 247, and perhaps, in gross cases, to disregard it altogether, and to take judgment as if no answer was put in. Matter is said to be irrelevant when no material issue can be framed upon it (6 *How. Pr. R.* 68). It is redundant when the pleading expresses the same meaning, after the matter is expunged, as it did before. A motion to strike out a few redundant words is often viewed as captious. One of the greatest abuses in the old chancery practice grew out of frivolous exceptions for impertinence.

The difference between a sham and irrelevant answer or defence is this: a *sham* answer is in general good in form, but untrue in fact (Brown vs. Jennison, 3 *Saund. S. C. R.* 732; *Burrill's L. Dic. title Sham Plea ;* Darrow agt. Miller, 5 *How. Pr. R.* 249, per SILL, J.) An *irelevant* answer may be both good in form, and true in fact, but have no relation to the cause; for example, a bankrupt's discharge to an action of slander. The 152d section of the Code of 1851, provides for striking them out. A demurrer, answer or reply may be *frivolous* within the meaning of § 247, although good in form, if it is so far destitute of any reason to support it as to carry with it presumptive evidence that it was interposed in bad faith, and for delay. Hence the party whose pleading has been adjudged frivolous, will not be entitled as of course to amend, or to substitute another pleading, without at least an affidavit of merits (McMurray agt. Gifford, 5 *How. Pr. R.* 14; Darrow agt. Miller, *id.* 247; Appleby vs. Elkins, 2 *Saund. S. C. R.* 673).

In the present case the plaintiff has mistaken his remedy. The answer is long, and is stuffed with matters of evidence, no part of which forms any defence to the action. The circumstances it discloses are sufficiently colorable to prevent its being treated as a nullity. It may have been interposed in good faith. The facts sought to be stricken out are not, however, *irrelevant* to any defence set up, for there is no valid defence contained in it; and for the same reason it is not *redundant*. There is nothing stated

*over and above* a defence, for there is no defence in it. These terms evidently imply that if the objectionable matter be struck out, something will remain, not *irrelevant* or *redundant*, and which tends to sustain an action or constitute a defence. The present answer can not sustain a defence, unless it can be shown that a debtor can protect his property from an execution creditor by conveying it through the medium of a friend to his wife, in consideration of her obligation to support her own children, provided the parties are governed by parental affection. That is the sole and only point which the answer seeks to establish. It is palpably frivolous; and the motion should have been under § 152 to strike it out as such; or the plaintiff should have demurred, or moved for judgment under § 247.

I shall deny this motion. If it should be granted, the part of the answer remaining would be as far from constituting a defence as the whole together. As there was color for the motion, it must be denied without costs, and without prejudice to any other remedy which the plaintiff may adopt. The time for replying, or demurring, or moving to strike it out, is enlarged twenty days.

Motion to strike out denied. (*a*)

(*a*) A motion was afterwards made under § 247, for judgment on account of the frivolousness of the answer, and was granted by the judge. The judge thought that the whole answer taken together, contained an admission of the plaintiff's judgment and execution, and the matters of defence set up, were palpably frivolous.