BARLEY & WIFE, Respondents, *vs.* CANNON, Appellant.

1. The petition charged the defendant with wrongfully taking personal property belonging to the plaintiff. The answer alleged that the defendant took the property, as constable, under an execution against a third party in whose possession it was, but did not rebut the allegation that it was the property of the plaintiff. *Held,* the answer was properly stricken out.

*Appeal from Lincoln Circuit Court.*

*W. Porter*, for appellant. Possession of personal property is *prima facie* evidence of title. An officer is not only justified in levying upon goods and chattels which are in the

possession of the defendant in the execution as apparent owner, but it is his duty to do so. An omission to levy would render him liable for the amount of the judgment. R. C. 1845, p. 486, §58.

The defendant, then, did no wrong. He acted lawfully in levying on the property : he acted lawfully in summoning a jury to try the right when the plaintiffs interposed a claim. The finding of the jury would have protected him from liability to either party. That the trial did not take place was no fault of his. It was owing, first, to the postponement by the plaintiffs, and, second, to the death of the defendant. After the death of the defendant, he restored the property to the possession of the administrator of him in whose custody Mrs. Barley herself had placed it.

*Hunt*, for respondent. That the defendant took the property as constable, under execution, is no justification, if it was the property of Mrs. Barley. The answer does not deny that it was her property, and therefore discloses no defence. The owner of property wrongfully taken by a constable is not bound to set up or prosecute his claim before the constable.

GAMBLE, Judge, delivered the opinion of the court.

1. Barley and wife allege, that the defendant, Cannon, took from Mrs. Barley's possession, before her marriage, a wagon, which was her property, and that he neither returned it nor paid for it. The defendant answered, that he was constable of Hurricane township, in Lincoln county, and had in his hands an execution against one Money, and that he levied it upon the wagon, then in the possession of Money ; that the plaintiff, Mrs. Barley, claimed the wagon and appointed a day for the trial of the claim, and by the consent of the parties the trial was postponed to a day agreed upon, before which, Money, the defendant in the execution, died, and he (Cannon) then returned the execution to the justice ; that since the return, the admin-

istrator of Money had the possession of the wagon and had inventoried it as property of the estate. The answer, on the motion of the plaintiffs, was stricken out.

The answer admits the taking, and does not deny that the property belonged to the plaintiffs. It does not even deny, except by inference, that it was in the possession of the plaintiffs. If he could not, on oath, positively deny that the property belonged to Mrs. Barley, and was really without information upon that question, he could have so framed his answer as to put that fact in issue. But the answer is so drawn, that the defendant's case is, in substance, that, as constable, he levied an execution which issued against Money, on property which belonged to the present Mrs. Barley. Facts are stated which may be evidence that the wagon belonged to Money; such as, his possession at the time of the levy, and the possession of the administrator after the execution was returned; but the averment in the petition, that the property belonged to Mrs. Barley, is the averment which was to be answered, either specifically or by denying knowledge sufficient to form a belief.

The answer was rightly stricken out, and the judgment is affirmed.