# SUPREME COURT.

## MAX HERR agt. JACOB BAMBERG.

The court is authorized under § 152 of the Code, upon motion, to strike out irrelevant defences; and this includes insufficient matter pleaded in mitigation of damages.

Where the answer alleged in justification, that the defendant and his partner delivered to the plaintiff and his partner goods which they were to sell upon commission; that they had failed to account for or return them; that the plaintiff and his partner had failed in business, and made an assignment of their property for the benefit of creditors, and the property assigned had been sold; that previous to and at the time of the sale, the defendant called upon the plaintiff and his partner, and demanded the goods left with them, or the

Herr agt. Bamberg.

money therefor; but they refused to deliver the goods or to account with them therefor,

*Held,* that these allegations were insufficient to constitute a *justification* in an action for *slander,* in calling the plaintiff a " swindler," and that " he had swindled the defendant out of the goods mentioned."

The same matters pleaded in *mitigation* of damages, *held* insufficient in that respect, because they were not sufficient as a *justification.* By the 149th section of the Code, the defendant in pleading new matter is restricted to such matter as constitutes a *defence.* This excludes matter which concedes a cause of action, and merely tends to reduce the damages to be recovered. .

*Albany Special Term, Aug.* 1854.—Motion to strike out, &c.

The action is for slander. The allegation is, that the defendant charged the plaintiff with having swindled him, in a quantity of gold and jewelry, and with being a " *swindler.*" It is alleged that these words were spoken of the plaintiff as a merchant, and were intended to charge him with the crime of obtaining goods and money under false pretences.

The defendant denies the allegations of the complaint; and then, secondly, by way of justification, alleges that on the first day of October, 1853, the defendant and his partner delivered to the plaintiff and his partner, and left with them, a quantity of goods, which they were to sell upon commission; that they had failed to account for the goods or to return them, though requested so to do. That on the 23d of January, 1854, the plaintiff and his partner failed in business, and made an assignment of their property for the benefit of creditors, and the property assigned was sold on the 20th of February; that previous to, and at the time of the sale, the defendant had called upon the plaintiff and his partner, and demanded the goods left with them, or the money therefor; but they refused to deliver the goods, or to account with them therefor. This *second* defence concludes as follows: " And the defendant therefore says that he will, on the trial of this action, prove, in justification of the speaking of the words charged in the complaint, that the said plaintiff did then and there, as aforesaid, *swindle* the defendant out of the gold or jewelry mentioned in the complaint, and that the said plaintiff and his said brother are *swindlers,* and that they have swindled the defendant."

The *third* defence stated in the answer, alleges other matters in justification, and the defendant then, as a *fourth* defence, states the same matters contained in the *second* defence, and concludes as follows : " All which facts the said defendant will, upon the trial of this action, prove, in mitigation of the plaintiffs' damages." The plaintiff moved to strike out the *second* and *fourth* defences.

THOMAS SMITH, *for plaintiff.*
W. S. HEVENOR, *for defendant.*

HARRIS, Justice. A demurrer to an answer which does not contain a counter claim is no longer allowable. But the legislature, at the same time this amendment was made, also amended the 152d section of the Code, so as to authorize the court, upon motion, to strike out irrelevant defences. If, therefore, the defences to which this motion relates, are irrelevant, the plaintiff has sought the proper remedy.

The charge as stated in the complaint is, that the plaintiff had *swindled* the defendant out of the property, and that he was a *swindler*. In other words, that the plaintiff had, by deliberate artifice, procured the defendant to deliver goods to him, under a pretended contract, but with a fellonious design of appropriating the goods to his own use. (*See Bouvier's Law Dic., title " Swindler."*) The facts stated in the second and fourth defences do not justify such a charge. It is not stated that the goods were delivered to the plaintiff upon his own request—much less is it stated that any fraud or artifice was practiced to obtain them. The substance of what is alleged is, in brief, that the defendant and his partner had entered into an agreement with the plaintiff and his partner, by which the latter were to sell goods of the former upon commission. They received goods upon these terms, and, when called upon to account for them, they refused. The conduct of the plaintiff, as stated in these defences, may or may not have been dishonest, but certainly there is nothing which gives it the least complexion of a swindling transaction. The matter alleged does not constitute a defence, and is therefore irrelevant. The

defendant would not be allowed to prove it, upon the trial, as a justification of the charge.

Nor should the *fourth* defence, which sets up the same matter in mitigation of damages, be allowed to stand. Before the adoption of the Code, as the law had been settled, a defendant, in an action for libel or slander, might give evidence in mitigation of damages in all cases, except where he had set up a justification. He was not allowed both to justify and mitigate. If, upon the trial, he failed to make out a complete justification, though he might approach ever so near to it, the jury were to be instructed that the fact that the defendant had attempted to justify and had failed in the attempt, was to be regarded by them as a repetition of the charge in a more solemn form, and that, for this reason, the damages should be increased. At the same time, having attempted to justify, it was held, that the defendant had precluded himself from proving any thing to mitigate his offence. This was regarded as injustice, and the legislature undertook to provide a remedy for the evil by adopting the 165th section of the Code, by which it was intended to provide that, in all cases, whether a defendant justified or not, if he had legitimate evidence to mitigate damages, he might have the benefit of it. He was no longer to be compelled, as he had been, to elect beforehand whether he would rely upon a justification or matter in mitigation. The legislature declared by this section that there was nothing improper or unjust in allowing a defendant to justify, if he could, and, if he failed in that, then to prove what he could in mitigation of damages. The law on this subject, both as it existed before the change referred to, and as it now exists, is stated with admirable clearness and accuracy by Mr. Justice T. R. Strong in *Bush agt. Prosser*, (13 *Barb.* 221.)

But mitigating circumstances are not the subject of an issue. The defendant in pleading new matter is restricted, in the 149th section of the Code, to such matter as constitutes a defence. This of course would exclude matter which conceded a cause of action, and merely tended to reduce the damages to be recovered. But for the provision contained in the 165th section

Herr agt. Bamberg.

of the Code, a defendant would have no authority, in any case, to allege mitigating circumstances in his pleading.   That section, as I understand it, limits this authority to cases where the defendant alleges the truth of the charge.   In other cases the defendant may now, as he might have done before, prove mitigating circumstances without pleading them.   (*Graham agt. Stone,* 6 *How.* 15; *Meyer agt. Shultz,* 4 *Sand.* 664; *Newman agt. Otto,* 4 *Sand.* 669; *Fry agt. Bennett,* 5 *Sand.* 54; *Matthews agt. Beach,* 5 *Sand.* 264.)

Nor can I concur in the view of my brother SHANKLAND, in *Stiles agt. Comstock,* (9 *How.* 48,) that because matter in mitigation of damages is neither irrelevant nor redundant, it cannot be stricken out.   We strike out a demurrer or reply to an answer, because such a pleading is unauthorized.   A rejoinder might contain matters very important for the plaintiff to prove, and so would be neither irrelevant nor redundant; and yet, I suppose, no court would hesitate to strike out such a pleading, for the reason that it is unauthorized.   So, when a defence, as pleaded, contains nothing but mitigating circumstances, it should be stricken out, because the law has not authorized such a defence.

Having determined that the second defence, which alleges matter by way of justification, should be stricken out, the matter alleged in connection with that defence in mitigation of damages must fall with it, for the reason that such matter is only pleadable with a justification.   I do not think the facts alleged for that purpose, if true, would be allowed as evidence to mitigate damages.   But whether they would or not, is a question to be determined upon the trial.

The motion to strike out the two defences specified on the motion must be granted, with costs.