## SUPREME COURT.

### William H. Van Benschoten agt. John J. Yaple.

The court of appeals, in *Bush* agt. *Prosser*, (1 *Kern.* 347,) has settled the law of pleading and evidence in actions of *slander* and *libel*, as follows:—That, in *all cases* of libel or slander, a defendant may allege in his answer, and prove, with any defence he may have, or *without any defence* at all, mitigating circumstances; and that facts tending to prove the truth of the charge are now to be regarded as mitigating circumstances. (*See, also, Bisbey* agt *Shaw*, 2 *Kern.* 67.)

It is conceded that, under the Code, the law, as thus established, is as it ought to be; but the difficulty seems to be to ascertain by what process so great an improvement could be made out of the simple provision that "a defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of damages; and whether he *prove the justification* or not, he may give in evidence the mitigating circumstances." (*Code*, § 165 )

An allegation, in substance, that the plaintiff has the reputation of being a thief, is irrelevant, and will be stricken out on motion; because, evidence of a general report, that the plaintiff had been guilty of the crime imputed to him, was never admissible in this state, although evidence of the general character of the plaintiff, to mitigate damages, may be given in all cases.

If the facts alleged are inadmissible as evidence, the pleading itself is of course irrelevant.

*Albany Special Term, Aug.*, 1855.

Motion to strike out, &c.

The complaint is for slander. The charge stated is, that the plaintiff had stolen the defendant's hay. The defendant, in his answer, denied the allegations in the complaint; and, for a *second* defence, it stated, "that, on the 16th day of July, 1855. and for several years prior thereto, at the town of Fallsburgh, in the county of Sullivan, in the neighborhood where the plaintiff has resided, and still continues to reside, he, the plaintiff had, and still has and possesses the character and reputation of being addicted to stealing, and of having been, on divers times and occasions, at the place aforesaid, guilty of the crimes which the plaintiff in his complaint alleges the defendant intended to

Vol. XIII.                    7

impute to him, the plaintiff, to wit, the crime of larceny. And the defendant avers, that whatever he, the defendant, has uttered and spoken of and concerning the plaintiff, and which is referred to in the plaintiff's complaint, was uttered and spoken without any malice towards the plaintiff, and without any design by him, the defendant, to injure or defame the plaintiff."

This second defence the plaintiff moved to strike out, on the ground that it is "impertinent, irrelevant and redundant, and as not constituting a defence, and as being improper in mitigation of damages."

H. R. Low, *for plaintiff.*
S. O. Shepard, *for defendant.*

Harris, Justice. I have repeatedly taken up the papers in this case for the purpose of deciding this motion, and have as often laid them aside, for the reason that I found it no easy thing to satisfy myself how the court of appeals had finally settled the rules of pleading and evidence in actions like this.

In *Bush* agt. *Prosser*, (1 *Kern.* 347,) the defendant, in an action for slander, had, in his answer, set up, by way of defence, a state of facts tending to show the truth of the charge, but confessedly falling short of a justification. Upon the trial he had offered to prove the allegations in his answer. The evidence was excluded at the circuit. This, then, was the point in judgment before the court of appeals. And it was held, that now a defendant may, without either denying that he made the charge alleged, or professing to justify himself for having made it, plead and prove a state of facts to show that the wrong he has committed is not, really, as bad as it might otherwise seem. Such a pleading, as every lawyer will agree, is an anomalous thing. The very first idea we get of a pleading on the part of a defendant, whether it be called a plea or an answer, is, that it must contain something that will either wholly or partially defeat the plaintiff's cause of action. This is, indeed, the very definition of a defence. It is a *full* defence when it meets the whole cause of action, and *partial*, when it meets but a part of the alleged cause of action. Thus, if the action be upon a note

Van Benschoten agt. Yaple.

for $100, and the defence is payment of *half* the amount, it is a good defence as far as it goes; but it is *partial*, for it leaves a part of the cause of action undefended. But, if the action be for the conversion of a horse, whose value is alleged to be $100, it would never be pretended that an answer insisting that the horse was worth but $50, is even a *partial* defence. The cause of action would remain wholly undefended. The question of value would be important upon the assessment of damages, but not upon the trial of any issue. So, in an action for libel or slander, the defendant may deny the allegations in the complaint. This would be a defence. He may also justify the charge. This would be another defence. And so he may plead as many defences as he may have. In other words, he may set up, in his answer, as many grounds of defeating, either wholly or partially, the plaintiff's cause of action, as he can. But then, when the matters which he proposes to prove affect, not the cause of action itself, but the measure of damages, these do not constitute a defence. They may as well be proved upon the assessment of damages, without an answer, as upon the trial of an issue. I say it with the utmost unfeigned respect, yet I think Mr. Justice ALLEN, in his opinion in *Bush* agt. *Prosser*, has not sufficiently observed this distinction.

The provision of the 150th section of the Code, that a defendant may plead as many defences as he may have, introduced no new doctrine; but the provision in the 165th section, which authorizes a defendant, in the cases specified, to plead "mitigating circumstances," not by way of defence to the action, but to "reduce the amount of damages," is certainly an anomalous thing.

Before the adoption of the Code, a defendant who undertook to justify, and failed to establish his justification, precluded himself from giving evidence to mitigate damages. Of this rule there was great complaint. Though steadily enforced, it was generally disapproved. It was against this evil, as I had supposed, that the 165th section was aimed. Accordingly, it is declared that the defendant may plead both the truth of the charge and mitigating circumstances, and then, when he comes

to the trial, may prove the mitigating circumstances, whether he prove his justification or not. The provision, in its terms, is only made applicable to a case of justification, for the very obvious reason, that before, in every other case, whether the defendant answered or not, he was allowed to give in evidence mitigating circumstances. The object of the legislature seemed to me to have been, to give to a defendant, who had ventured to plead the truth in justification, the same benefit of mitigating circumstances as he would have in any other case. The same end was secured by the Massachusetts statute, which declares, that a plea in justification in slander shall *not be proof of malice*.

But the court of appeals, in the case cited, has given a much more extended effect to the provision in question. Instead of confining it to cases of justification, it is made to apply to all cases. The legislature are made to say, that a defendant may, in all cases, with or without a defence, set up, in his answer, mitigating circumstances. Nor does the change, as declared by the court of appeals, stop here. The defendant may not only plead and prove mitigating circumstances in all cases, but he may also allege and prove, in all cases, facts tending to establish the truth of the charge, but confessedly not amounting to a justification, which could not have been done before.

I approve of the law as it has thus been made by the court of appeals. It is as it ought to be. My only difficulty has been, to see how so great an improvement could be made out of the simple provision that "a defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances; and, whether he prove the justification or not, may give in evidence the mitigating circumstances." But, though I may not be able to comprehend the process by which the court has reached its conclusions, I can acquiesce in the law it pronounces. That law is, that, in all cases of libel or slander, a defendant may allege, in his answer, with any defence he may have, or without any defence at all, mitigating circumstances; and that facts tending to prove the truth of the charge are now to be regarded as mitigating circumstances. (*See Bisbey* agt. *Shaw*, 2 *Kernan*, 67.)

Van Benschoten agt. Yaple.

The next question is, whether the matter embraced in this motion is relevant? The substance of the allegation is, that the plaintiff has the reputation of being a thief. Evidence of this description has sometimes been received, but never, I think, in this state. Here, it has been uniformly held, that, while a defendant may, in all cases, give evidence of the general character of the plaintiff, to mitigate damages, evidence of a general report that the plaintiff had been guilty of the crime imputed to him, is inadmissible. (*See Matson* agt. *Bush,* 5 *Cowen,* 499; *Root* agt. *King,* 7 *id.* 613; *Mapes* agt. *Weeks,* 4 *Wend.* 659; *Gilman* agt. *Lowell,* 8 *Wend.* 573; 2 *Greenleaf's Ev.* §§ 275, 424.) If the facts alleged are inadmissible as evidence, the pleading itself is, of course, irrelevant.

Whether or not a demurrer would lie to such a pleading, would depend upon the question, whether or not it is to be regarded as a defence. As the 153d section of the Code is now amended, (*see Sess. Laws* 1854, *p.* 54,) a plaintiff may demur to one or more of several *defences* set up in an answer. If, therefore, according to the view expressed in *Bush* agt. *Prosser,* above cited, matter in mitigation of damages is to be treated as a partial defence, the plaintiff might have demurred to that part of the answer embraced in this motion. But even then, the same matter might be stricken out under the provision in the 152d section of the Code, which authorizes the court to strike out irrelevant defences on motion.

This motion, therefore, must be granted, with costs.