## HOWARD *a.* RAYMOND.

*New York Superior Court; Special Term, October,* 1860.

### PLEADING.—ANSWER.

In an answer to a complaint for libel, matter which is alleged in justification may also be properly alleged in mitigation of damages.

Demurrer to complaint.

This was a suit against the proprietor of the New York Times for a libel; consisting in an article containing certain statements relative to the plaintiff's conduct in matters in which he had been employed as a lawyer. The case came up before Justice Hoffman, in the Superior Court, on demurrer by plaintiff to the defendant's answer.

The answer, among other things, set up that the article complained of was true; specifying particulars, pleading the truth in justification. It also contained a count that defendant would set up the same things in mitigation of damages in the following form.

And in mitigation of any damages to which the plaintiff might otherwise appear entitled by reason of the publication of said supposed libellous article, this defendant says—

I. That he repeats and renews all and singular, the matters stated under the second defence herein; and will give evidence thereof in mitigation of damages, as well as in justification.

II. That all the matters and things stated under the second defence were, on the 28th of May, 1860, currently reported and believed in the cities of New York and Brooklyn, and were published in a certain newspaper, called The Brooklyn Daily Times, published in said city of Brooklyn, and were so communicated to this defendant, and published by him as matters of current public news, he verily believing the same to be true.

Plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defence.

*H. P. Herdman*, for the plaintiff, conceded that the matters pleaded would be good in mitigation of damages, but contended that they did not amount to a justification. The rule was, the justification must be as broad as the charge. There was nothing alleged against the plaintiff in the answer, which an honorable and high-minded man might not commit. Considered as grounds for mitigating damages, the matter pleaded might as well be shown before a sheriff's jury.

*Benjamin Vaughan Abbott*, for the defendant, argued that if the matter pleaded were admissible in mitigation, the answer must be sustained. The construction now placed upon the section of the Code, which permits defendant in libel to set up both justification and mitigating circumstances, allows him to plead the latter alone. The earlier decisions had been the other way; but the Court of Appeals has overruled them. (11 *N. Y.* (1 *Kern.*), 357.) He contended also that the justification set up was sufficient as a bar.

HOFFMAN, J.—I think the answer in the present case is within section 165 of the Code, as interpreted by the case of Bush *a.* Prosser (1 *Kern.*, 357). There are allegations which, fairly construed, amount to a justification of the libel, and there are circumstances stated avowedly in mitigation of damages.

I think (but I believe the point is new), that it is immaterial that the matters stated in mitigation, are the same as those presented in justification. In other words, these facts are set forth as an absolute defence to any claim, and if insufficient for that purpose, as a partial defence, by operating to reduce plaintiff's recovery. In my opinion, this is the construction of the pleading, and this is warranted by the Code.

Demurrer to the answer overruled, with costs.