## LITTLEJOHN *a.* GREELEY.

*Supreme Court,. Fifth District; Special Term, February,* 1861.

IRRELEVANCY OF ANSWER.—DEMURRER FOR INSUFFICIENCY.

An entire answer, to be irrelevant, must be not applicable or pertinent to the cause of action alleged, and not serving to support any defence, in whole or in part, to the action.

*It seems,* that the right to move to strike out an answer for irrelevancy, and the right to demur to an answer for insufficiency, were not designed for the same purpose ; and it is not optional with the plaintiff whether he will resort to a demurrer or to a motion, to test the sufficiency of the answer.

If an entire answer can be stricken out as irrelevant, the irrelevancy or frivolousness must be palpable and clear, and not require argument to establish it. If the question is to be presented for argument, and requires consideration, it should be done by demurrer.

Motion to strike out answer.

The substance of the answer is stated in the previous report of this case. (*Ante,* 41.) .

*D. H. Marsh,* for the motion.

*I. T. Williams,* opposed.

ALLEN, J.—Section 152 of the Code authorizes "sham and irrelevant answers" to be stricken out on motion. A "sham" answer is one that is false in fact. What is an irrelevant answer is not so well settled. But, as a sham answer is one good in form but false in fact, and put in in bad faith, the term "irrelevant," in the same connection, must have been used to describe another class of answers equally unauthorized and mischievous, and put in from the same improper motives. When part of an answer is spoken of as irrelevant, we know what is intended. It is, that the matter alleged to be irrelevant is "not applicable or pertinent: not serving to support" the defence set up in the entire answer.

An entire answer, to be irrelevant, must be "not applicable

or pertinent to the cause of action alleged;" and, "not serving to support" any defence, in whole or in part, to the action, as in the example given by WILLARD, J.: "A bankrupt discharge in an action of slander." (Harlow a. Hamilton, 6 *How. Pr.*, 475.) The Code of 1848 did not contain this provision, neither did it authorize a demurrer to an answer. In 1849, section 152 was enacted, but its operation was confined to sham answers; and no authority was given to the court to impose terms upon striking out answers, and a demurrer was allowed to an answer for insufficiency (*Code*, § 153); and, at the same time, authority was given to a party to apply for judgment, by reason of the frivolousness of a demurrer, answer, or reply (*Ib.*, § 247); and in 1851, section 152 was amended and adopted in its present form. In 1852, section 153 was so amended as to confine a demurrer to answers to new matter constituting a counter-claim; and the section was subsequently amended in 1855, so as to give the right to demur to an answer containing new matter in all cases. In 1854, when there was no demurrer to an answer except to matter alleged as constituting a counter-claim, a motion under section 152 was made to do the work, and serve the purpose of a demurrer. In Herr a. Bamberg (10 *How. Pr.*, 128), the learned justice who made the decision was in an error, in the impression with which he sets out in the opinion, that the motion to strike out irrelevant defences was given simultaneously with taking away the right of demurrer to answers, from which it was inferred that the motion was to be a substitute for the demurrer. The history of the amendments shows that the right to move to strike out for irrelevancy, and to demur for insufficiency, were given at the same time, and the right to demur taken away the succeeding year. The inference is rather, therefore, that the remedies were not designed for the same purpose; and that it was not optional with the plaintiff to resort to a demurrer or to a motion to test the sufficiency of an answer. The answer in the case cited was stricken out, because it was unauthorized by the Code, as construed by the learned justice, as alleging only matters in mitigation, and not in bar of an action for slander. A like motion was made in 1855, before the same learned justice, and granted, for the reason that the facts alleged were inadmissible in evidence. (Van Benschoten a. Yaple, 13 *How. Pr.*, 97.) The action was slander, for charging the

plaintiff with having stolen the defendant's hay, and the answer alleged that the plaintiff was reported to be a thief. The answer was clearly frivolous, and might well have been treated as foreign to the subject-matter of the action; and it was not necessary to decide that the plaintiff had his election to demur or to move, under section 152. I think the better rule is stated by the same justice in Benedict *a.* Dake (6 *How. Pr.*, 352), where a motion was made to strike out a whole complaint as irrelevant. Irrelevant or redundant matter was held to be synonymous with matter which could have been expunged as impertinent in the Court of Chancery,—that which was not material to the decision of the action,—matter upon which no issue could be founded, or which could not be given in evidence. (Woods *a.* Morrell, 1 *Johns. Ch.*, 103.) HARRIS, J., says : " Was it ever known that an entire pleading was struck out for impertinence? I am not aware that any such practice was ever sanctioned. If the pleading contains a cause of action or a defence, then it is not all impertinent. If it does not, then the objection should be taken by demurrer." Subsequently, in the same opinion, he says, that to grant the motion, and give the plaintiff leave to serve a new complaint, " would be giving to the motion to strike out irrelevant matter the effect of a demurrer," which was evidently deemed objectionable. Judge Barculo, in Nichols *a.* Jones (6 *How. Pr.*, 355), does not undertake to decide when an entire answer may be stricken out as irrelevant; but he sums up the various provisions of the Code, and harmonizes them, giving to each its appropriate office, as follows : " If an answer otherwise good is loaded with unnecessary and redundant matters, the plaintiff's counsel should move, under section 160, to have such matters expunged. If doubts are entertained as to the sufficiency in law of the answer, and the opinion of the court is desired, it must be obtained by demurrer. If, however, any defence is palpably insufficient, a motion for judgment on the ground of frivolousness is the proper course; and if the matters of defence can be shown to be clearly false, a motion to strike out as sham will reach the end. These four modes cure all defects in an answer." This appears to me a reasonable construction of the Code, with, perhaps, this qualification, that if an answer alleges matter, either as a total or partial defence, palpably foreign, inapplicable, and impertinent to the cause of action, or frivolous,

it might be stricken out as irrelevant. But the irrelevancy or frivolousness must be palpable and clear, and not require argument to establish it. If a question is to be presented for argument, and requiring consideration, it should be done by demurrer. In Harlow a. Hamilton (6 *How. Pr.*, 475), it was held, that where a pleading was palpably frivolous, the proper course was to demur or to move for judgment, under section 247, or to strike it out, under section 152. An irrelevant answer was said to be good in form and true in fact, but having no relation to the cause; and see Blake a. Eldred (18 *How. Pr.*, 240). The matters alleged in the several answers cannot be said to have no relation to the cause of action. They relate to the subject-matter of the alleged libel, and the circumstances of its publication. I must regard the case of Bush a. Prosser (1 *Kern.*, 347),—the doctrine of which is reaffirmed in Bisbey a. Shaw (2 *Ib.*, 67), notwithstanding the decision has been criticised,—as permitting a defendant to put in an answer, in an action for a libel or slander, alleging only matters in mitigation of damages. Whether the answers here contain matters which should either bar the action or be given in evidence in mitigation of damages, I will not decide. The answers are not frivolous or palpably irrelevant, and the question as to their sufficiency should be presented by demurrer, unless the plaintiff elects to wait until the trial, and present the question by objecting to the evidence which may be offered under them,* which is not the best way for presenting a question upon an entire defence. As to the part of a single answer, which it is asked to strike out, it is only necessary to say, that if the matters alleged in the rest of the answer constitute a defence, or are proper to be given in evidence in mitigation of damages, the matters objected to are not irrelevant or redundant, and ought not to be stricken out.

The motion will be denied, but without costs, and with leave to demur within ten days.

---

* The plaintiff elected to raise the question of the sufficiency of the answer at the trial, by objecting to the evidence offered under it, as was here suggested.