Monell, J.
It may, I think, be regarded as not an open question whether mere mitigating circumstances alone constitute a defense in an action for libel or verbal slander. The language of the Code is, that a defendant may allege both the truth of the matter charged as defamation, and any mitigating circumstances. That language seems to imply that the mitigating circumstances, except under a justification, cannot be proven. Both may be alleged, and if the justification fails, the mitigating circumstances may nevertheless be proven. They are in the conjunctive and not in the disjunctive. The truth and, not the truth or mitigating circumstances.
*109 It was supposed at one time that the early case of Bush v. Prosser, 11 N. Y. (1 Kern.), 347, authorized the setting up of mitigating circumstances alone as a defense. That was the construction of Mr. Justice Habris in Van Benschoten v. Yaple, 13 How. Pr., 97. But this court, in Newman v. Otto, 4 Sandf., 669, held otherwise, and in the latter cases of Maretzek v. Cauldwell, 2 Robt., 715, and of Smith v. Trafton, 3 Id., 709, is reaffirmed, that mitigating circumstances alone do not constitute a defense.
It certainly is not clear that the matter set up in justification may also be used in mitigation. The defendant may allege the truth of the matter charged and any mitigating circumstances. If he fails to establish the justification, he may, nevertheless, give in evidence the mitigating circumstances. This would import that the matter in justification and in mitigation must be different. But „the authorities seem to allow the same matter to be used for both or either purpose (Fry v. Bennett, 5 Sandf., 54; Matthews v. Beach, Id., 264; Howard v. Raymond, 11 Abb. Pr., 155). The cases cited hold, however, that the purpose for which the matter is intended must be stated.
A defendant may set up as many defenses as he may have, but they must be separately stated (Code, § 150), to the end “that they may be intelligibly distinguished.” An allegation of the truth of the matter charged, is a defense; and that the defamatory matter was charged in a commnnication that was privileged, is another defense. They are not legally inconsistent, and-are allowed in pleading. But they are distinct and different defenses, which are plainly required to be separately stated.
The answer in this case sets forth two defenses, viz: privileged communication, and justification. The facts constituting these separate defenses are so blended in the statement of them, that it would be difficult to de *110 termine which, or how much, was applicable.to each or either. Nor could I say that they were intended to be used for the one purpose or the other, had not the pleader claimed that the “said several communications were privileged,” and that he should give in evidence “the several facts” in justification.
Either or .both of these defenses are demurrable for insufficiency (Fry v. Bennett, Van Benschoten v. Yaple, ubi sup.), while matter set up solely in mitigation of damages, operating as a mere notice (Smith v. Trafton, sup.), is not the subject of a demurrer (Newman v. Otto, sup.).
But as the statement of facts constituting these several defenses are so blended that it would require much examination and labor to determine how much, or what part, was applicable to each defense, the court will refuse, as we did in a recent case,* to entertain a demurrer until the separation is made, which can only be done by application to the special term.
So much of the motion, therefore, as seeks to obtain a separation of the two alleged defenses, must be granted. The pleader must separately state the facts which he claims .as constituting a privileged communication, and allege that to be the purpose of such facts ; and in like manner he must state the facts by which he designs to establish the truth of the charges, and must aver that such facts are alleged for that purpose. Then he' may give notice that he will use' all the evidence to mitigate the damages.
The other parts of the motion are denied. .No costs to either party.

 Henderson v. Jackson, 9 Abb. Pr. N. S., 293.