## KREWSON, ET AL., *v.* PURDOM, ET AL.

CONVERSION BY SHERIFF—JUSTIFICATION—PLEADING.—In an action against a sheriff for a conversion, an answer which sets up an attempted justification by virtue of a seizure under a writ of attachment is defective and should be stricken out, unless it is alleged that the defendants under the attachment were the owners of the property taken, or had some interest therein. Failure to strike out such portion of the answer, when the plaintiff's title is denied, and a general verdict is given in favor of the defendant, will not warrant a reversal, unless it affirmatively appears that such verdict was founded upon the attempted plea of justification.

DECLARATIONS OF A VENDOR AFTER HE HAS PARTED WITH HIS INTEREST and possession, in the absence of fraud or collusion, are inadmissible to impeach the title of his vendee.

APPEAL from Douglas County.

*J. W. Hamilton*, for appellants.

*Herman & Ball*, for respondents.

By the Court, WATSON, C. J.:

This is an action for damages for the conversion of six hundred cords of wood. It was brought against a sheriff and his deputy, the respondents here, for seizing the wood under a writ of attachment against the property of a third person. In addition to the denials, the answer of the respondents contains an attempt at justification under the attachment as a separate defense. This defense does not set forth that the defendants in the attachment were the owners of the wood, or had any interest therein, or allege any facts from which such ownership can be inferred. It merely avers the levy upon the property of the defendants in the writ.

The appellants moved to strike out the entire separate defense as being frivolous, irrelevant, etc., but the motion was denied.

Afterwards, at the trial of the cause, James Ward, a witness for the respondents, was allowed, in answer to questions propounded by them, and against the appellants' objections, to testify to declarations of one Gothardi, made after he had parted with all interest in and possession of the wood in controversy, to the effect that he cut the wood for Aulauff Bros.—the defendants in the attachment—and that it belonged to them. There was no proof of any fraud on the part of the appellants in the transactions through which they derived their claim to the wood. These rulings of the lower court present the only important questions to be determined.

1. We think the court below erred in overruling the motion to strike out. The attempted defense under the attachment proceedings is fatally deficient in not alleging that

Aulauff Bros., the defendants in the writ, has some interest in the wood, subject to the levy.

The allegation that the property was levied upon under the writ "as the property" of the Aulauff Bros. is not sufficient. (*Richardson* v. *Smith*, 29 Cal., 527; *Barley* v. *Cannon*, 17 Mo., 595; *Tronson* v. *Union Lumbering Co.*, 38 Wisc., 202.)

And as without such an averment it tendered no material issue in the case, it was clearly irrelevant, and the motion to strike out was the proper remedy. (Civil Code, 74; *Clark* v. *Jeffersonville, etc., R. Co.*, 44 Ind., 248; *Littlejohn* v. *Greely*, 13 Abb. Pr., 311.) Still, it does not affirmatively appear from the record that the verdict, which is a general one, was found upon the material issue tendered by this defense, and we should hesitate to reverse the judgment on this ground alone.

It may have been found upon the valid issue as to title in the appellants, and we should rather presume that such was the fact in support of the proceedings below. It seems to us that the appellants have not preserved their objection so as to avail themselves of it on this appeal.

2. We think, also, that the admission of Ward's testimony as to the declarations of Gothardi was error. The bill of exceptions in the case professes to give all the evidence in substance that was introduced at the trial, and we can discover no fact or circumstance in the testimony of any witness as it is certified to in such bill which tends to establish fraud or collusion between Gothardi and the appellants affecting in any manner the title to the wood in controversy. It is not necessary to cite authority to show that the declarations of a vendor, after he has parted with his interest and possession, in the absence of any proof of fraud or collusion, are inadmissible to impeach the title of his vendee. The

admission of such declarations depends upon peculiar and exceptional circumstances which are shown by the bill of exceptions not to have existed in the present case.

It follows from the foregoing views, that the judgment of the circuit court must be reversed and the cause remanded for a new trial.