GEORGE HENSON, Defendant in Error, v. ALEXANDER HAMPTON, Plaintiff in Error.

*Contract, special.*—Where the plaintiff specially contracted with the defendant to serve the defendant for a definite service, at a fixed price, and before the completion of his contract voluntarily and without cause left the employment of the defendant, he can recover nothing for his services. (Posey v. Garth, 7 Mo. 96; Dickson v. Caldwell, 17 Mo. 575; and Schnerr v. Lemp, 19 Mo. 40. Approved.)

*Error to Camden Circuit Court.*

*Smith*, for plaintiff in error.

I. The instruction given to the jury by the court below, at the instance of the plaintiff, is manifestly erroneous. A party cannot abandon at will and pleasure any contract or agreement entered into for rowing or navigating any boat or vessel on the navigable waters in this State, but must specifically perform the same, according to the intent and meaning of such contract or agreement. (R. C. 1855, vol. 1, p. 299, § 1.) The plaintiff's contract with defendant was for a particular service, which the plaintiff failed to perform without being hindered and prevented by the defendant; and the rule of law is, in contracts for services, the performance of the entire term of service is a condition precedent to the right of recovery, unless the contract is abandoned for good cause. (Posey v. Garth, 7 Mo. 94; Schnerr v. Lemp, 19 Mo. 40.) This principle of law particularly applies to boatmen; otherwise, boats and vessels would constantly be deserted and abandoned by their crews, and thereby subjected to delay and vexatious litigation.

II. The instruction asked by the defendant very properly and correctly embodied the law of the case, for the reasons above set forth; and for the further reason that where there is a special contract to do work, and there is a failure to perform it according to its terms, there can be no recovery, unless prevented from doing so by the act of God or the other party. (Helm v. Wilson, 4 Mo. 41.)

DRYDEN, Judge, delivered the opinion of the court.

Henson sued Hampton before a justice of the peace to recover the value of fourteen days' work and labor performed by the former for the latter, on board of a flatboat, during a certain voyage on the Osage river. Henson recovered a judgment before the justice, from which Hampton appealed to the Circuit Court, where a new trial was had, which resulted as below. On the trial in the Circuit Court, the evidence tended to show that the work and labor for which the

recovery was sought, although done, was performed under a special agreement between the parties, by which Henson was to serve Hampton for the entire voyage, at the price of one dollar per day; but that, before the voyage was completed, Henson, without the consent and against the will of Hampton, quit and abandoned the service without any fault of Hampton. The court instructed the jury, at the instance of Henson, as follows: "Notwithstanding the plaintiff may have engaged for the entire trip, and left without the consent of the defendant, yet if he performed work for defendant which was of any value to the defendant, the plaintiff is entitled to recover the value of said work, subject to a deduction for any damage which defendant has proved resulting from plaintiff's leaving"; and refused the following, asked by Hampton: "If the jury believe from the evidence that the defendant hired the plaintiff to row or navigate defendant's flatboat to the mouth of the Osage river and back to Linn creek, and that plaintiff, without the fault or consent of defendant, left and abandoned said defendant and his boat before the termination of the voyage, the jury will find for the defendant." To the giving of the one instruction and the refusal of the other, Hampton duly excepted. After verdict, the defendant moved for a new trial, based upon the giving and refusal of the instructions, which, being overruled, he brings the case here by writ of error.

The same question is involved in this case as in those of Posey v. Garth, 7 Mo. 96; Dickson v. Caldwell, 17 Mo. 595; and Schnerr v. Lemp, 19 Mo. 40. If the plaintiff's contract was to serve the defendant during the entire voyage at a fixed price, and that, before the termination of the voyage, he, without cause and against the consent of the defendant, abandoned the service, as the evidence tends to prove was the case, he cannot recover for the part performance of the contract; and the Circuit Court therefore erred in giving the instruction asked by Henson, and in refusing the one asked by Hampton.

For this reason, the judgment is reversed and the cause remanded for a new trial; Judges Bates and Bay concurring.