————o————

### G. C. HAYSLER, et al., Respondents, vs. W. H. OWEN, Appellant.

1. *Measure of Damages—Jury should be given rule as to—What not too remote—Care, exercise of, by party claiming.*—In suit for balance claimed as due for construction of a stable, an instruction authorizing the jury to set-off "any damages" which they might find that defendant had sustained, by reason of its defective construction, is improper. The court should lay down the rule as to the measure of damage which they might allow.

   In such case injuries sustained by wetting of hay, and having to remove horses and buggies, and resulting from failure to put on a good roof, are not damages too remote to be taken into consideration, but cannot be recovered if the defendant knew of the defect, and failed to protect himself when he might have done so at a trifling expense, and by reasonable exertions.

2. *Building—Defective construction—Waiver of, how shown.*—In order to constitute a waiver of claim by the owner against the builder for defects in the construction of a house, not only the subsequent use of the structure, but knowledge of and acquiescence in the defect must be made to appear.

3. *Contract for building house—General compliance, except as to some particulars—Measure of damages in case of fair contract price, and no claim for special damages.*—In suit for the contract price of a house completed in general conformity with the agreement, but defectively executed in some particulars, where the contract price is a fair valuation for the work, and defendant does not claim recoupment for any special consequential damages, the correct rule is to allow him the difference between the value of the work agreed to be done and that actually done.

4. *Building contract—Non-compliance with as to plan or material—Measure of damages.*—Where a building has been completed, but differs in plan of construction or materials employed from that which the builder contracted to erect, and this is the only element of damage, and there has been no waiver, the true rule for estimating the damage is, to ascertain what it will cost to make the

building conform to the contract. And the same principle of compensation applies, whether the work has been fully completed and the suit is for the contract price, or is only partially performed, and the action is for the value of the labor and materials. And the statement of the rule will vary accordingly as the work to be done may be worth more or less than the contract price.

Cases may arise where the deviation from the terms of the contract would be so gross and reprehensible, that the builder should not be permitted to recover anything for his work.

### *Appeal from Henry County Circuit Court.*

*M. A. Fyke,* for Appellant.

I. The first instruction given for plaintiff was wrong. 1st There was no acceptance in this case of the stable, which would amount to waiver. The case was not such. (Yeats vs. Ballentine, 56 Mo., 530.) 2d. The compliance with the contract, necessary to enable plaintiff to recover the amount claimed, must have been, not a "fair and substantial," but a literal compliance. (Barker vs. Troy & Rutland R. R., 27 Vt., 780.)

II. The third instruction given for plaintiff was clearly wrong. The measure of damages was not the difference between the roof agreed to be put on and its actual value in its condition when completed, as the evidence shows that it could not have been repaired without taking a great portion of it off. (Bragg vs. Town of Bradford, 33 Vt., 35; Barker vs. Troy & Rutland R. R., *supra.*)

*McBeth & Price,* for Respondents.

Instructions one and two, given for plaintiff, declare the correct rule as to measure of damages. (Marsh vs. Richards, 29 Mo., 99; Fink vs. Fatman, 10 Am. Rep., 21; S. C. 36 Ind., 259; Smith vs. Brady, 17 N. Y., 178; Dermot vs. Jones, 23 How. [U. S.] 220; Smith's Lead. Cas., top p. 36, side p. 18.) Respondents were entitled to recover the actual value of the work done by them and received by defendant, within the limits of the contract price, and the benefit and advantage which defendant took by the work done was the amount of

value which he received after deducting the amount of damage. (Lamb vs. Brolaski, 38 Mo., 53; Britton vs. Turner, 6 N. H., 494; Lee vs. Ashbrook, 14 Mo., 378.)

The two instructions refused defendant were clearly erroneous. The injuries to the property in the stable, and trouble and labor of removing them, were not properly a subject of damage and could have been averted at a trifling expense. (Douglass vs. Stephens, 18 Mo., 362; Sedgw. Dam., § 65.)

The roof was accepted and used by defendant, and after full opportunity on his part, to test its soundness, he paid part of the price therefor and gave his note for the remainder. This was an acknowledgment that plaintiff had complied with his contract, and that the balance was due him. Besides, the evidence shows that whatever defects in the roof existed, might have been repaired in two days. His failure to repair was therefore contributory negligence, for damages resulting from which he cannot recover.

HOUGH, Judge, delivered the opinion of the court.

This was a suit on a promissory note for one hundred and eighteen dollars, given by the defendant to the plaintiffs in February, 1873, for a balance claimed by plaintiffs to be due to them from the defendant for work and labor done and materials furnished, in the construction of a sheet-iron and galvanized iron roof upon a livery stable belonging to the defendant in the town of Clinton, Henry county, Mo. The defendant pleaded that said roof was constructed in a negligent, unskillful and unworkmanlike manner, and of inferior materials, in consequence whereof it leaked, and defendant's hay was wet, and his wall damaged, and he was put to inconvenience in the necessary removal of his stock from one portion of his stable to another, for all of which he claimed damages by way of recoupment, in the sum of $500. The plaintiffs denied the alleged negligence and injury, and the testimony on the issues thus made was conflicting.

There was a verdict and judgment for the plaintiffs for $64.62, from which defendant has appealed to this court.

The first instruction given at the instance of the plaintiff told the jury that if the defendant accepted the work and made payments therefor from time to time, and gave the note in suit for the balance, and the work done was a fair and substantial compliance with the contract, they should find for the plaintiffs.

As to the measure of damages, in the event the jury should find that the work was not done according to contract, they were told that such measure was " the difference between the value of the roof agreed to be put on and the one actually put on."

The court refused an instruction asked by the defendant, which included in the estimate of the defendant's damages the injuries sustained by him from the wetting of the hay, and from having to remove the horses and buggies, but gave another at his request which allowed the jury to set off against the note any damages which they might find the defendant had sustained by reason of the defective construction of the roof.

This last instruction was improper, as it substituted the opinion of the jury for the established rules of law, and was also in conflict with the instruction given by the court of its own motion.

As to whether the instruction asked by the defendant and refused by the court, should have been given, there is some doubt. The damages are consequential, but not too remote, and are set forth in the petition. But the facts by which the propriety of giving such an instruction should be determined seem to be wanting in the record. It is not admitted by the pleadings, and does not appear from the testimony, when the roof was completed, when the various payments were made, or when the rains occurred which injured the hay and caused the removal of the horses and buggies. If the defendant had no knowledge of any defect in the roof at the time of the rains and the consequent injury, he would undoubtedly be entitled to recover to the extent of that damage; but if he did know that the roof was defective and not impervious to

water, and he failed to protect himself when he might have done so at a trifling expense or by any reasonable exertions, he can recover nothing for the damages suffered in consequence of such failure. The only thing in the testimony which tends to throw any light on this point is a statement in the synopsis of the testimony given on behalf of the defendant, that the plaintiffs had tried to repair it but had not made it any better. Yet the date of this attempt at repairing is not given, and we cannot tell whether it was before or after the damage. The instruction given by the court at the instance of the plaintiffs in regard to the acceptance of the work is hardly applicable to a case like the present. The defendant might object to the work if he were cognizant of its defects, but it was on his building and had become a part of his property and he could not very well reject it, unless he tore it from the building and cast it away. The question in all such cases as this is, whether there has been a waiver of defects, and not whether there has been an acceptance and use of the work. Use of the work is not necessarily a waiver of its defects. There must be both knowledge and acquiescence to constitute a waiver. The implication from the testimony in this case is, that the defendant was ignorant of the defect in the work when he gave the note sued on.

That portion of the instruction which required only a fair and substantial compliance with the contract, was objectionable and calculated to mislead the jury. The rule as to the measure of damages laid down by the court is a correct one as to building contracts, in all cases where the contract price is a fair valuation for the work, and it has been completed in general conformity to the requirements of the contract, but has been defectively executed in some particulars, and the suit is for the contract price, and defendant does not seek to recover any special consequential damages by way of recoupment.

When the building has been completed, but differs in plan of construction or in materials employed from that which the builder contracted to erect, and this is the only element of

damage, and there has been no waiver, the true rule for estimating the damages sustained by the owner, whether the action be for the contract price or for the value of the labor and materials, is to ascertain what it will cost to make the building conform to what the builder contracted it should be. And cases might arise where the deviation from the terms of the contract would be so gross and reprehensible that the builder should not be permitted to recover anything for his work.

Courts have no right to make contracts for the parties, and they cannot compel a man to pay for a building for which he did not contract, and which he does not want, and which he would rather have removed from his premises, unless there has been some waiver on his part of strict performance. Builders cannot substitute their own taste or judgment or fancy for the stipulations of their contracts, and compel parties to pay for work done by them in open violation of their contracts, on the ground that it is equally as valuable as that which they have contracted to perform. (Smith vs. Brady, 17 N. Y., 173.)

When the work has not been completed but has been only partly performed, and the suit is therefore not for the contract price but for the value of the labor and materials, the same principle of compensation is to be aimed at, and the statement of the rule will vary accordingly as the work to be done may be worth more or less than the contract price. The opinion of the court in the case of Yeats vs. Ballentine, (56 Mo., 530) is not in conflict with the views here expressed.

As the instructions in this case were contradictory and inapplicable to the facts, the judgment of the circuit court will be reversed and the case remanded.

All the other judges concur.