## EARP v. TYLER, *Appellant.*

**Contract for Personal Service:** EFFECT OF ABANDONMENT. It is the settled law of this State that when one person contracts to labor for another for a specified term and leaves the service of his employer before the expiration of such term, without any cause proceeding from the employer, or the act of God, he cannot maintain an action for the value of the services he has rendered.

*Appeal from Barton Circuit Court.*—HON. J. D. PARKINSON, Judge.

REVERSED.

73 617
35a 328

73 617
36a 633

73 617
47a 202

73 617
51a 213

73 617
113 108

73 617
62a 152

73 617
73a 150

73 617
146 97

73 617
86a 361

73 617
87a 654

This was an action to recover for farm labor. The evidence tended to show that plaintiff commenced work for defendant in March, under an agreement that he should continue until the last of October or the first of November following, that he worked until the 23rd day of June, or just before harvest, and then quit, without cause or excuse ; · and that defendant had been damaged by his quitting. The court refused an instruction to the effect that if the jury believed that plaintiff had, quit before the expiration of the time for which he had hired, they should find for defendant; and gave one to the effect that they should find for plaintiff notwithstanding he had so abandoned defendant's service, allowing defendant only such damages as he had sustained thereby. This was complained · of as error.

*Robinson & Harkless* for appellant, cited *Helm v. Wilson,* 4 Mo. 41 ; *Posey v. Garth,* 7 Mo. 94; *St. Louis v. McDonald,* 10 Mo. 609; *Schnerr v. Lemp,* 19 Mo. 40 ; *Barcus v. Hannibal, etc., Co.,* 26 Mo. 102 ; *U. S. v. Robeson,* 9 Pet. 327 ; *Marsh v. Richards,* 29 Mo. 99 ; *Creamer v. Bates,* 49 Mo. 523 ; *Henson v. Hampton,* 32 Mo. 408. And distinguished *Downey v. Burke,* 23 Mo. 228 ; *Lowe v. Sinklear,* 27 Mo. 308; 17 N. Y. 173 ; *Bryant v. Stillwell,* 24 Pa. St. 314; *Thompson v. Allsman,* 7 Mo. 530; *Lee v. Ashbrook,* 14 Mo. 379 ; *Yeats v. Ballentine,* 56 Mo. 530; *Williams v. Porter,* 51 Mo. 441, on the ground that they were cases in which the defendant was at liberty to accept or reject the benefit, and he had accepted it. Here defendant had no option. 2 Parsons Contracts, (5 Ed.) p. 522.

*E. Buller* for respondent, cited *Thompson v. Allsman,* 7 Mo. 530 ; *Lee v. Ashbrook,* 14 Mo. 378 ; *Downey v. Burke,* 23 Mo. 228 ; *Lowe v. Sinklear* 27 Mo. 308 ; *Lamb v. Brolaski,* 38 Mo. 53 ; *Yeats v. Ballentine,* 56 Mo. 530 ; *Britton v. Turner,* 6 N. H. 481 ; 2 Parsons Cont., (5 Ed.) 39 ; *Sherman v. Trans. Co.,* 31 Vt. 162 ; *Fenton v. Clark,* 11 Vt. 557 ; *Meade*

*v. Rutledge*, 11 Tex. 44; *Carroll v. Welch*, 26 Tex. 148; *Pixler v. Nichols*, 8 Iowa 106; *McClay v. Hedge*, 18 Iowa 66.

HOUGH, J.—It is the settled law of this State that when one person contracts to labor for another for a specified term and leaves the service of his employer before the expiration of such term without any cause proceeding from the employer, or the " act of God," he cannot maintain an action for the value of the services he has rendered. *Posey v. Garth*, 7 Mo. 94; *Caldwell v. Dickson*, 17 Mo. 575; *Schnerr v. Lemp*, 19 Mo. 40; *Henson v. Hampton*, 32 Mo. 408; 2 Parsons on Contracts, 36, and note g. For the rule in the case of building contracts, *vide Haysler v. Owen*, 61 Mo. 270. As the circuit court, in the trial of this case, disregarded the rule of law applicable to contracts for personal service, its judgment will be reversed and the cause remanded. The other judges concur.