H. Hanel, Respondent, *v.* L. Freund et al., Appellants.

May 5, 1885.

1.——Appellate Practice—Trial Court's Reasons may be Considered.—An appellate court will look to the reasons assigned by the trial court for a ruling within its discretion, for the purpose of determining whether such discretion was exercised upon correct views of the law.

2.——Appellate courts will not revise discretionary rulings of trial courts except where it appears that the discretion was abused or was exercised upon erroneous views of the law.

3.——Contracts--Breach of--Actions--Quantum Meruit--Master and

SERVANT.—One who is under contract to render personal services for a given time can not, without reasonable cause, cease to perform such services before the expiration of the term, and recover, in an action on a *quantum meruit,* for the services actually rendered.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and remanded.*

LOUIS GOTTSCHALK, for the appellants : An employe, leaving before the end of his term without good cause, cannot recover.—*Downs* v. *Smit,* 15 Mo. App. 583 ; *Earp* v. *Tyler,* 73 Mo. 617 ; *Henson* v. *Hampton,* 32 Mo. 408 ; *Aaron* v. *Moore,* 34 Mo. 79 ; *Yeats* v. *Ballentine,* 56 Mo. 536.

MCENTIRE & LOEVY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace upon the following statement of claim :

"ST. LOUIS, Mo., April 7th, 1884.

"L. Freund & Bro. to Hermann Hanel, Dr.

To 8½ days work done and performed, ending

April 6th, 1884, c. $24.                          $6.80."

The plaintiff had a judgment before the justice, and the defendant appealed to the circuit court. In the circuit court the defendant did not appear on the day on which the case was called for trial, and a judgment was rendered in favor of the plaintiff by default for $6.80, the sum above claimed. On the same day the defendant, by his counsel, filed a motion to set aside the default on the following grounds :

1. "That the case was tried while the attorney for the defendant was engaged in another court."

2. "That this court has no jurisdiction to try the case anew or to render said judgment."

3. "That defendants have a meritorious defence."

Annexed to this was an affidavit of the defendant's attorney stating that, at the time when the default was taken, he was engaged in another cause in another room of the same court, and that he left the room and went to the court in which the default was taken, at 20 minutes

past 10 o'clock in order to inform this court of his engagement in the other room, when he learned that the judgment by default had just been rendered; that he then appealed to the court to have it set aside, and that the court directed him to file a motion to that effect; that his name was entered as attorney for the defendant on the attorney's docket in the court room, and that he believes that the plaintiff knew of that fact, and that he nevertheless asked for the default. The affidavit then proceeded thus: "Affiant further says that he knows defendants to have a good defence to this action, consisting in this, that plaintiff was employed by defendants for the term of one month, or from month to month, and that plaintiff left their employ before the end of the month and during such month without good or any reason, and brings this suit for the *pro rata* wages, contrary to the law and contract; that he knows this from the sworn evidence produced at the trial before the justice of the peace."

The court refused to set aside the default, filing a written opinion which is preserved in the bill of exceptions, in which the only ground for so refusing is stated as follows: "Defendant claims that plaintiff engaged to work for a specified time and left before it was finished, and without cause. The suit is on a *quantum meruit* and the facts recited by defendant are no bar to plaintiff's recovery, unless it also appeared that defendant was in some wise injured or damaged by reason of plaintiff's giving up the service before expiration of the time for which he was engaged. This is not claimed. Hence, if the plaintiff actually worked for a period for defendant, as admitted, and the work was beneficial to the latter, the reasonable value thereof can be recovered."

On the same day on which this motion was overruled, the defendant filed a motion for a rehearing, urging, among other grounds, that the court erred in holding that the defence described in the affidavit was not a legal defence to the action. The court overruled this motion, at the same time filing another written opinion, which is

likewise preserved in the bill of exceptions, setting forth more elaborately than in the former opinion the views of the court to the effect that the defence set up in the affidavit was not a good defence to the action, because the action being upon a *quantum meruit*, it was not a defence that the plaintiff had broken his contract by quitting the service of the defendants before the expiration of the month for which he had agreed to serve them.

1. The first question which arises is, whether the reason which the court gave for refusing to set aside the default can be considered at all. If it can be considered, then the second question is, whether it was a good reason.

Where a court of *nisi prius* makes a ruling upon a question of law, a reviewing court is not concerned with the reason which induces the *nisi prius* court so to rule; since, if the ruling is correct in point of law, it will not be reversed because an erroneous reason may have been given for making it. It is, therefore the universal rule that the judges of the courts of first instance are not bound to state the reasons which lead their minds to the conclusions embodied in their rulings, much less to deliver written opinions, although it is highly proper and commendable in them to do so. A court which delivers its judgments, without announcing its reasons therefor, is not likely to retain the confidence of the bar and the public; and we know from our own experience that nothing so conduces to the careful decision of causes as the habit of stating the case and giving in writing the reason for the judgment which the judge renders or the ruling which he makes. As a general rule, opinions written by the circuit judges form no part of their record on appeal or error, although embodied in the bill of exceptions; though sometimes, where the case has been tried by the judge without a jury, they have been treated as declarations of law given by him of his own motion in the absence of any given in a more formal manner. But while these opinions are, as a general rule, no part of the record on appeal or error, it does not follow that the practice of bringing them to our attention is not conducive to the

administration of justice.   We have found them in many
cases of essential aid to us in determining the merits of
the appeal or writ of error, and have sometimes adopted
them as our own opinion.   The rule remains, however,
as first stated, that where the ruling is upon a question
of law, the reason given by the circuit judge for his
ruling cannot of itself determine our decision
in affirming or reversing it.   But this rule seems not to
apply where the ruling is not upon a question of law, but
upon a matter resting within the sound discretion of the
court.   The limits within which matters of discretion are
subject to review on appeal or error, are well understood ;
such a ruling cannot be assigned for error, unless it
plainly appears that the discretion of the court was
abused, or that it was exercised upon erroneous views of
the law ; and for the purpose of determining whether it
was abused or exercised upon erroneous views of the law,
any opinion of the court stating the grounds on which
the court exercised its discretion may, it should seem, if
embodied in the bill of exceptions, be considered.   In
this case it seems right that we should, in justice to the
learned judge of the circuit court, consider the reasons
given by him for refusing to set aside the default ; for it
ought not to be imputed to him, that in a case where the
name of the attorney for the defendant was entered upon
the attorney's docket of the court and the attorney was
necessarily engaged in another room of the same court in
another cause, and appeared in the court in which the
default was rendered a few moments thereafter for the
purpose of explaining what caused his necessary absence
in the other room, only to find that the default had been
taken; under these circumstances it ought not to be
imputed to the learned judge that he would have refused
to set aside the default unless he were of the opinion that
the defendant was without a meritorious defence.

2.   The second question therefore is, whether the de-
fendant had a meritorious defence.   Upon this question we
have no doubt whatever.   The decisions of the supreme
court and of this court are conclusive upon it.   Those

decisions hold that the rule which is applied in the case of building contracts which allows the contractor, although his contract has not been fully carried out, to sue upon a *quantum meruit* for the value of labor and materials, has no application to contracts for personal services; but that in order to recover upon such a contract, it is necessary to prove performance of the same; and if the person who has agreed to render personal services for a stated period leave the services of his employer before the expiration of such a period, without the act of God or good cause proceeding from such employer, he cannot recover for the value of the services rendered.—*Earp* v. *Tyler*, 73 Mo. 617; *Downs* v. *Smit*, 15 Mo. App. 583; *White* v. *Wright*, 16 Mo. App. 551. In *Fox* v. *Pullman Palace Car Company* 16 Mo. App. 122, this question was carefully gone over by this court, in view of the recent decision of the supreme court in *Plumber* v. *Frost*, 81 Mo. 425. with reference to its effect upon pleading; and while this court held, in obedience to this decision of the supreme court, that where a contract has been put an end to, and nothing remains to be done except for one party to pay and the other to receive the agreed price, the person who is to receive it may sue the other without setting up the contract and the performance of it, but merely claiming, as upon one common count in *assumpsit*, that the defendant is indebted to him for so much money had and received to his use; yet at the same time we stated that "it is a part of this rule, as declared in all the cases decided by our supreme court, * * * that a contract when disclosed at the trial will control and limit the amount and character of the recovery, if any, and the plaintiff will be required to prove that he has fully performed it on his part." And we may quote again here, as we did in that case, the language of our supreme court in *Stout* v. *St. Louis Tribune Co.* (52 Mo. 342, 347), where the above rule of pleading was first held to obtain under our code, that "if any fact necessary to create a liability on the part of the defendant to pay is wanting, the plaintiff cannot recover."

And we again say, as we said in that case, that "so far as we know, except in the case of building contracts, or other contracts to do work on real estate, there is no rule of law in force in this state which allows a party who has a right of action arising out of a contract only, to ignore the contract—treat it as a nullity—and recover outside of the contract on what is termed a *quantum meruit*."

We know of no recent decision of the supreme court which contravenes these views. The decision of the supreme court in *Plumber* v. *Frost*, 81 Mo. 425, cited by the learned judge of the circuit court, was before us in manuscript when we decided the case of *Fox* v. *Pullman Palace Car Co.* ( *supra* ). It does not so hold, but merely describes the question of pleading above stated. I have also seen manuscript copy of the decision of the supreme court in *Mansur* v. *Botts* ( not yet reported ), upon which the learned judge of the circuit court also relied, and my recollection is, that it merely reaffirms the point which was decided in *Plummer* v. *Frost*. Until the appellant is able to bring to our attention a decision of the supreme court to that effect, we shall not believe that the court has deliberately overruled its line of decisions upon this question ending with *Earp* v. *Tyler* ( *supra*.) It therefore appears that the discretion of the circuit court in refusing to set aside the default was exercised upon an erroneous view of the law, and this makes it encumbent upon us to reverse its judgment and remand the cause for farther proceedings not inconsistent with this opinion. It is so ordered. All the judges concur.