JOHN C. EDWARDS, Respondent, v. WILLIAM H. MEYERS, Appellant.

Kansas City Court of Appeals, June 14, 1886.

PRACTICE—EVIDENCE—INSTRUCTIONS.—Where the court, of its own motion, gave an instruction, over defendant's objection, which was in no manner justified by the evidence, and altogether fails of being supported by the evidence in the record, the judgment will be reversed.

APPEAL from Daviess Circuit Court, HON. C. H. S. GOODMAN, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

WHIT. SNYDER and J. F. HARWOOD, for the appellant.

I. It is the settled law of this state, that if a party contracts to work for another for a specified term, and quits before the expiration of the term, without the fault of the employer or the act of God, no recovery can be had. *Earp v. Tyler*, 73 Mo. 617.

II. The testimony totally fails to support the facts assumed by the court in the instruction given, of its own motion, against defendant's objection.

III. The judgment is against the law. *Earp v. Tyler*, 73 Mo. 617.

No brief for respondent.

ELLISON, J.—This action is to recover of defendant
VOL. XXII—31

nine dollars balance, claimed to be due plaintiff on account of services and labor of his minor son. Trial was had before the court without a jury and resulted for plaintiff. Defendant resists on the ground that the engagement of service was for a specified time and that the boy quit before its expiration, without defendant's fault and not by the act of God. Proof of this defence will prevent a recovery. *Earp v. Tyler*, 73 Mo. 617.

At the close of the evidence defendant asked the court to give several declarations of *facts*. The court refused to give them as asked, but gave them after amendment, and defendant excepted. I am not aware of any rule of practice in this state entitling a party to a declaration of facts, and defendant's exceptions on this head will be ruled against him.

The defendant next asked several declarations of law which the court refused.

Of its own motion, the court gave an instruction, over the defendant's objection, that is in no manner justified by the evidence, as presented to us in the abstract, not controverted by plaintiff. There was no evidence that defendant told the boy he lacked one day of completing his term, and the boy thereupon worked another day. Neither was there any evidence showing or tending to show that defendant made no objection to the boy quitting his service ; on the contrary, it shows defendant protested.

The judgment will, therefore, be reversed and the cause remanded. All concur.