AUGUST GRUETZNER, Respondent, v. AUDE FURNITURE COMPANY, Appellant.

**St. Louis Court of Appeals, December 20, 1887.**

1. CONTRACT—NOT APPORTIONABLE, WHEN.—Where a party contracts to make certain articles, each to be paid for at a fixed price when finished, he cannot voluntarily leave some of such articles in an unfinished state, and recover upon a *quantum meruit* for the work done upon them.

2. FORFEITURE, WHEN NOT EXCUSED.—No rule of ethics will exempt a party from the consequences of a forfeiture wilfully incurred.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Reversed.*

CHRISTIAN & WIND, for the appellant: A contract for personal services must be fully performed before the servant or person employed can recover anything. Wood on Master and Servant, sec. 147, pp. 291, 293, and 294, note 2; Edwards on Bailments, sec. 437; *Earp v. Tyler*, 73 Mo. 617; *Posey v. Garth*, 7 Mo. 95; *Henson v. Hampton*, 32 Mo. 408; *Caldwell v. Dickson*, 17 Mo. 575; *Schnerr v. Lemp*, 19 Mo. 40; *Hamel v. Freund*, 17 Mo. App. 618; *Downs v. Smit*, 15 Mo. App. 583. There was a contract for the performance of a particular service or thing. *Stout v. St. Louis Tribune Co.*, 52 Mo. 342; *Chambers v. King & Tunstall*, 8 Mo. 517; *White v. Wright*, 16 Mo. App. 551; *Fox v. Pullman Car Co.*, 16 Mo. App. 128.

JAMES J. MCBRIDE, for the respondent: The respondent was entitled to recover the reasonable value of his work and labor, not exceeding the contract price, less such damage as might have been proved to have resulted from his breach of contract. *Yeats v. Ballantine*, 56 Mo.

530 ; *Eyermann v. Cemetery Association,* 61 Mo. 489 ; *Eldridge v. Rowe,* 7 Ill. 96.

Rombauer, J., delivered the opinion of the court. ·

The plaintiff brought an action before a justice of the peace on the following account :

" Aude Furniture Co. to August Gruetzner, Dr.

" To work and labor done as cabinet-maker,
    performed in April and May, 1886, on
    fifty bedsteads, No. 71...............$16 46
  Thirty-six bedsteads, No. 73............. 29 85
  Which work was reasonably worth said
    sum and the aggregate sum of...... 46 31 "

Judgment being rendered in favor of plaintiff, defendant appealed to the circuit court, where the case was tried by the court without the intervention of a jury. The defence rested on the ground that the work was done under a special contract, which the plaintiff had voluntarily abandoned, and that there could be no recovery on a *quantum meruit.* The court overruled defendant's demurrer to the evidence, and made the following special finding and verdict, which are embodied in the record :

" Upon the evidence submitted the court finds the facts as to plaintiff's claim to be substantially as follows : The plaintiff was employed in defendant's factory in St. Louis as a cabinet-maker, working by the piece, that is to say, for all work completed by him he was to receive from defendant a stipulated price per dozen. The de-· fendant furnished the material and plaintiff brought his tools to defendant's shop and did the work there.   Once a week there was pay-day in the shop, when plaintiff might draw some money on account of the work done by him.   His hiring was not for any definite term, but it may be inferred that, regardless of the time when he saw fit to quit working for the defendant, he could call for a settlement and payment in full only on the regular pay-day established in the shop.   In April, and up to May, 1886, plaintiff had worked for defendant in the manufacture of the fifty bedsteads, which form the first

item of his account, and were known by the number 71, and he had also worked for defendant in the manufacture of the thirty-six bedsteads of the number 73, which form the second item of his account. Of those numbered 71 he completed twenty-six, and received from defendant full payment of the contract price therefor. The remaining twenty-four of that number he did not finish, but defendant had them finished by the expenditure of thirteen hours of the time of another workman thereon. The thirty-six of the number 73 he also failed to finish, two-thirds of the work thereon having been afterwards done, at the instance of defendant, by other workmen. Plaintiff quit defendant's shop voluntarily on May 10, and although defendant notified him that his unfinished work would not be accepted, and that defendant demanded of him to return and finish it to completion, he failed to do so, whereupon the defendant had it completed and sent back to plaintiff his tools which he had left in defendant's shop when he quit it. The case is this, therefore, that the plaintiff now seeks to recover the reasonable value, not exceeding the rate fixed by the contract, of the work done by him upon these unfinished bedsteads. The defendant offered no evidence to show that it sustained any damage by the non-completion of them by plaintiff, either by reason of delay or because the workmen who did complete them charged more than this contract price. If, under these circumstances, plaintiff can recover, his claim should be (1) for work done on the twenty-four bedsteads, number 71, less thirteen hours' work at $3.95 per dozen, $6.40 ; (2) for work done on the thirty-six bedsteads, number 73, which were two-thirds unfinished, at $9.95 per dozen, $9.95, or $16.35. Less an amount, which the evidence shows defendant paid plaintiff on account for this work, $4.71 ; balance $9.64.

"The direction is to enter a judgment in favor of the plaintiff against the defendant and the surety on the defendant's appeal bond for $9.64 and costs."

From this judgment the defendant appeals and

assigns for error that the conclusions of law applied by the court to the facts found are erroneous.

One who sues upon a contract for personal services must show that the services have been fully performed, or that their performance has been prevented by the act of God, or the unwarranted act of his employer. In case of wilful abandonment of the contract by the servant or employe there can be no apportionment of the contract. Such has always been the rule at common law, both as to menial services and services in the nature of a bailment *locatio operis faciendi.* In the latter case if the thing is left imperfect and unfinished by the fault of the workman he can recover nothing, but if not by his fault he shall have compensation *pro tanto*, subject to setoff. Wood on Master and Servant, 291, 293, 294, note 2 ; Edwards on Bailments, sec. 437. Such has always been the law of this state, whether the contract was one for a definite period or for the performance of a particular service. *Posey v. Garth*, 7 Mo. 95 ; *Caldwell v. Dickson*, 17 Mo. 576 ; *Schnerr v. Lemp*, 19 Mo. 40 ; *Henson v. Hampton*, 32 Mo. 408 ; *Earp v. Tyler*, 73 Mo. 617 ; *Downs v. Smit*, 15 Mo. App. 583 ; *Hanel v. Freund*, 17 Mo. App. 618, 623 ; *Chambers v. King*, 8 Mo. 517 ; *Slout v. St. Louis Tribune Co.*, 52 Mo. 342 ; *Fox v. Pullman Co.*, 16 Mo. App. 128 ; *White v. Wright*, 16 Mo. App. 551.

There is nothing in the facts of this case which would take it out of the operation of the well-established rule. The trial court, in a written memorandum, made part of the record as a declaration of law, refers to *Thompson v. Allsman* (7 Mo. 530). That, however, was a suit on a special contract, and all that the case decides is that acceptance of the work and material may amount to a waiver of defects. The court also refers to *Yeats v. Ballentine* (56 Mo. 530, 536), which was a building contract, and where Judge Napton, *arguendo*, says : " Acceptance as a waiver is not the ground upon which courts have allowed a recovery upon a *quantum meruit.* It is because the work is of value to the pro-

prietor, and if it is of no value there can be no recovery."

That an exception has been made in the case of building contracts is undeniable. *Lee v. Ashbrook*, 14 Mo. 379 ; *Lowe v. Sinklair*, 27 Mo. 310 ; *Marsh v. Richards*, 29 Mo. 105; *Lamb v. Brolaski*, 38 Mo. 53 ; *Creamer v. Bates*, 49 Mo. 525 ; *Haysler v. Owen*, 61 Mo. 275 ; *Eyerman v. Sinai Cemetery Ass'n*, 61 Mo. 491. This exception has probably been engrafted on the law owing to the difficulty of determining whether there has been an exact performance of the contract in such cases, and the hardship of depriving the contractor of all compensation upon his failure to show that there was. Even in this class of cases, as Judge Hough says in *Haysler v. Owen (supra)*, the deviation from the terms of the contract might be so gross and reprehensible that the builder should not be permitted to recover anything for his work.

Whatever the reason of the exception may be, no valid reason is apparent for its extension. The rule stated in *Britton v. Turner* (6 N. H. 481), which permits an apportionment for part performance of an entire contract for personal services, on the theory that the services have been accepted from day to day, has never been the rule in this state. Judge Napton states, in *Yeats v. Ballentine*, that "the decisions in this state have been rather adverse to that opinion."

There is no hardship to parties in being held to their contracts. Fair dealing between man and man seems to require that a person should be aware that a wilful violation of his own obligations releases the other party to the contract from corresponding obligations. No rule of ethics seems to demand that persons should be released from forfeitures wantonly and wilfully incurred.

According to the finding of the court, the plaintiff left of his own accord and without the consent of his employer. He was requested to come back and finish

the unfinished piece of work, which he declined to do. He was informed that his work would not be accepted in its unfinished condition. To hold that a party, in such event, can still recover would be to hold that the law in such a case will raise an implied contract in direct opposition to the contract made by the parties themselves. This we have repeatedly decided cannot be done.

The judgment is reversed. All the judges concur.