Gregg v. Dunn.

J. GREGG, Respondent, v. MICHAEL J. DUNN, Appellant.

St. Louis Court of Appeals, December 3, 1889.

1.  Justices of the Peace: SUFFICIENCY OF ACCOUNT SUED ON. In ordinary proceedings, before a justice of the peace, the account sued on or the statement of the cause of action is sufficient, if it advises the defendant of the nature of the plaintiff's cause of action, and is sufficiently definite to bar another action on the same claim.

2.  Practice, Trial: QUANTUM MERUIT. If suit be brought, not on a special contract, but on a *quantum meruit*, for labor performed in the erection of a building, compensation for work done under an express contract, and for extras. may be demanded together, as one claim.

3.  ——: ——. An action of *quantum meruit* lies for work done under an express contract on a building, even though such contract was abandoned, without cause, by the plaintiff; but the plaintiff will not be allowed to recover more than the contract price, and damages for any violation by him of the contract will be deducted from the value of his work.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*David Murphy*, for the appellant.

It is only where the contract has been substantially or imperfectly performed that a recovery can be had for the value of the work actually done, though inferior to that called for in the contract. *Mansur v. Botts*, 80 Mo. 651; *Haysler v. Owen*, 61 Mo. 270; *Williams v. Porter*, 51 Mo. 441; *Rude v. Mitchell*, 97 Mo. 365. There is no difference between this case and that of *Gruetzner v. Furniture Co.*, 28 Mo. App. 263. A building contract, or a contract for work done on a building, is like any other contract where the work is left in its unfinished condition with the owner of the material. The strict rule concerning contracts is relaxed in favor of the workman who has done the work, although not exactly in accordance with the specification; yet, as the other party has derived some benefit, he should pay its value. But where one is guilty of conduct, such as is shown in the evidence in this case, he ought not to recover anything, and the court below should have so instructed the jury. *Haysler v. Owen*, 61 Mo. 270; *Dermott v. Jones*, 2 Wall. 9; *Yeats v. Ballentine*, 56 Mo. 530.

*Rowe & Morris*, for the respondent.

The plaintiff is entitled to his action of *quantum meruit* under the facts of this case. *Eyermann v. Cem. Ass'n*, 61 Mo. 489.

Biggs, J., delivered the opinion of the court.

This suit, as originally brought, was against M. J. Dunn and one H. W. Peters. The plaintiff sought to recover judgment against the defendant, M. J. Dunn, for the reasonable value of the work done by the plaintiff, on a certain building, belonging to Peters, and to have his mechanic's lien enforced against the property. The plaintiff obtained a judgment against Dunn, before

the justice of the peace, where the action originated, for the value of the work, and also a judgment for the enforcement of the mechanic's lien. The defendants appealed the case to the circuit court, where the plaintiff dismissed his suit against Peters, and abandoned all claim under his lien.

On the trial, it was developed by the evidence that the defendant Dunn had the contract for building a house for Peters, on the corner of Page and Vandeventer avenues, and that the plaintiff, as such contractor, agreed with Dunn to do the painting, graining and glazing on the building for the sum of two hundred and eighty-nine dollars. After performing a portion of the work, the plaintiff abandoned the contract, and sued on a *quantum meruit* for the work performed. The plaintiff's evidence tended to prove that, in addition to the work performed under the contract, he did extra work, of like character, on the building, of the value of two dollars and fifty cents; that the work actually performed by him was of the reasonable value of one hundred and nineteen dollars, and that he quit the job on account of the unwarranted and unreasonable interference of the defendant; while, on the other side, the evidence had a tendency to show that the plaintiff acted in a very arbitrary way, and abandoned his contract without any just cause or excuse. The defendant's evidence also tended to show that he employed others to finish the work which plaintiff had begun, and that it cost him the sum of two hundred and fifty-four dollars, and that this was a reasonable price therefor. The jury returned a verdict, in favor of plaintiff, for thirty-seven dollars and fifty cents, upon which the court entered a judgment. From this judgment the defendant has prosecuted this appeal, and assigns the following errors, to-wit: *First.* The evidence introduced by the plaintiff to sustain his account should have been excluded, for the reason that the

defendant's statement did not contain an itemized account of the work claimed to have been done, nor was any such itemized account attached to the statement. *Second.* The plaintiff was not entitled to recover for the extra work, because it was not separated, in the account sued on, from the work done under the contract. *Third.* That the court's instruction, concerning the measure of damages, was erroneous.

I. In ordinary proceedings before justices of the peace, all formalities in pleadings are disregarded. It is sufficient, if the account sued on, or the statement filed by the plaintiff, advises the adverse party of the nature of the plaintiff's cause of action, and is sufficiently definite to bar another action for the same claim. *Barbaro v. Occidental Grove*, 4 Mo. App. 429. The statement in this case, together with the account attached, we think sufficient for these purposes. The plaintiff's statement is very definite as to its statement of facts touching the work performed by the plaintiff, and was drawn with that degree of precision required in cases where it is sought to enforce a mechanic's lien. The account contains a statement of the character of work done, when performed, on whose building and where located, and the reasonable value of the work. Under the repeated adjudications, both of this court and the supreme court, we must decide this question adversely to the defendant.

II. We will have to rule the second assignment likewise in favor of the plaintiff. If the action was on the special contract, and the plaintiff, in addition to the work performed under the contract, was attempting to recover for extra work, then the defendant's counsel might be right in his contention that, as to the extra work, there should be a separate averment or statement, in order to authorize a recovery on that score. But no such case is presented by this record. The plaintiff did not sue on the contract, and did not pretend that he had

performed its conditions; he sought to recover the reasonable value of *all* work done by him on the building.

III.    The law in this state as to building contracts is very peculiar, but it has so often been the subject of judicial investigation and decision, that the fundamental principles governing this class of contracts are well settled and of easy application. The rule of the common law was that, where parties made a contract which was not apportionable, no part of the consideration could be recovered until the entire contract was performed, unless performance was prevented by the wrongful act of the other contracting party. This rule is applied in this state to contracts for personal services for a specified time or for a specific purpose, but building contracts have always presented an exception to this rule. *Gruetzner v. Aude Furniture Co.*, 28 Mo. App. 263. Therefore, it can make no difference in the case at bar whether the plaintiff abandoned his contract with or without cause; in either case, he would have the right to sue for the reasonable value of the work actually done.

In the case of *Haysler v. Owen*, 61 Mo. 275, Judge Hough, in discussing a building contract case, said: "Cases might arise where the deviation from the terms of the contract might be so gross and reprehensible that the builder should not be permitted to recover anything for his work." The defendant attempts to apply this language to the alleged arbitrary conduct of the plaintiff in the abandonment of the work. We are of the opinion that the court only referred to the *character* of the work actually performed, and not to the circumstances under which the contractor *abandoned* the work. For example: If A. should contract to build B. a dwelling house, and instead should construct a *pig sty*, then this would amount to such a deviation from the terms of the contract as to prevent a recovery.

While the law thus favors a mechanic or contractor, and permits him, in all cases, to sue for and recover the reasonable value of his work, yet he cannot violate his contract with perfect impunity; when he does so, the law will deduct from the value of his work whatever damage the other party has sustained on account of the breach; and in no such case will he be allowed to recover for a sum in excess of the contract price. *Yeats v. Ballentine*, 56 Mo. 530.

In the case under consideration, the plaintiff's right of recovery was limited by the court in its instructions in the manner indicated, and the verdict of the jurors shows that the rule was fully understood and correctly applied by them.

The defendant insists that there is no practical difference between the case at bar and that of *Gruetzner v. Aude Furniture Co.*, 28 Mo. App. 263. In this he is mistaken. It is sufficient to say that the contract in the case cited was *not a building contract*, and Judge ROMBAUER, in disposing of the case, very clearly and succinctly pointed out the difference between the two classes of contracts.

We think the case was fairly and properly tried, and, finding no error in the record, the judgment must be affirmed. All the judges concurring, it is so ordered.