Banse v. Tate.

JOHN BANSE, Respondent, v. JAMES TATE, Appellant.

St. Louis Court of Appeals, April 23, 1895.

1. **Special Contract for Services:** QUANTUM MERUIT. A person who contracts to render services for a fixed period of time, but quits the service before the expiration thereof without adequate cause or excuse, can not recover anything for his partial performance of the contract.

2. **Practice, Appellate:** MOTION FOR AFFIRMANCE FOR FAILURE TO PROSECUTE. An appellant filed a transcript of the record, but not in proper time. At a subsequent term the respondent moved for an affirmance on that ground. *Held*, that the motion came too late for consideration.

*Appeal from the Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*Thomas M. Jones* for appellant.

Respondent agreed to work for appellant on his farm from March 1 to wheat sowing time, and, this being true, a failure on his part to carry out his contract forfeited his right to recover for the services he had rendered under said contract up to the time he quit appellant. *Hosey v. Garth*, 7 Mo. 94; *Caldwell v. Dickinson*, 17 Mo. 575; *Aaron v. Moore*, 34 Mo. 79; *Earp v. Tyler*, 73 Mo. 617; 3 Wait's Actions and Defenses, p. 603, sec. 14; *Henson v. Hampton*, 32 Mo. 408.

No brief filed for respondent.

BIGGS, J.—This is an action for personal services. The plaintiff's evidence tended to prove that on or

before the first day of March, 1893, he agreed to work for the defendant on his farm for fifty cents a day; that he was to continue to work as long as it was satisfactory to both parties; that he commenced about the fourth day of March, and continued until July 10, at which time the defendant informed him that he no longer needed his services; that, during this time, he worked one hundred and four days, and that the defendant had refused and failed to pay him anything.

On the other hand, the defendant's evidence tended to prove that the plaintiff was employed for a definite period, and that, before the expiration of the time, he quit work without any cause or excuse, and against the defendant's will.

Under the instructions of the court, the jury returned a verdict for the plaintiff, upon which judgment was rendered. The defendant has appealed, and complains of the instructions.

At the instance of the plaintiff the court gave the following instruction, to wit: "Although the jury may believe from the evidence that the plaintiff agreed to work for the season of 1893, and quit work on his own motion, and without the fault of Tate, yet he is entitled to recover for the actual value of the work he did perform, not to exceed the contract price of thirteen dollars per month, provided the jury shall find that he did not begin suit before his wages were due." The defendant excepted to the giving of this instruction, and he still excepts.

The instruction is diametrically opposed to the settled law. It proceeds on the theory that the plaintiff is entitled to recover as on a *quantum meruit* for the labor actually performed by him, although he contracted for a longer period of service and quit before the expiration of the time without a valid reason or excuse, whereas the contrary has been established as

the law of this state by a long and unbroken line of decisions. The rule of the decisions is that if A agrees to work for B for a specified time, and, before the expiration of the time, he leaves the service without adequate cause or excuse, he can not recover anything for the services rendered. *Posey v. Garth*, 7 Mo. 94; *Caldwell v. Dickson*, 17 Mo. 575; *Schneer v. Lemp*, 19 Mo. 40; *Henson v. Hampton*, 32 Mo. 408; *Aaron v. Morre*, 34 Mo. 79; *Earp v. Tyler*, 73 Mo. 617; *Downs v. Smit*, 15 Mo. App. *583; *Hanel v. Freund*, 17 Mo. App. 618. Suits on building contracts form the only exception to the rule. *Haysler v. Owen*, 61 Mo. 270; *Yeats v. Ballentine*, 56 Mo. 530. It is very clear that the plaintiff's instruction ought to have been refused, and that the instruction asked by the defendant, which contained a correct statement of the rule, ought to have been given.

This appeal was properly returnable to the October term, 1894. The transcript was not filed until January 5, 1895. The respondent, without presenting a certificate of the judgment entry and the order granting the appeal, now asks us to affirm the judgment for failure to prosecute. Had the motion to affirm been made at the last term of the court or before the appellant had incurred the expense of making a transcript, it would have been entitled to consideration. As it is, it will be overruled.

For the error in the instructions, the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.