Lathrop v. Mayer.

---

LYDIA A. LATHROP, Respondent, v. FRANK H. MAYER et ux., Appellant.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Contracts: SUPPORT OF PARENT: BREACH OF CONTRACT.** A contract by a child to support the parent during his life implies that the parent is not only entitled to the substantial provisions agreed upon but is also entitled to kind and hospitable treatment; and failure in providing these is a breach of the contract.

2. ———: ———: ASSIGNMENT. Such contract is personal in its nature and can not be assigned.

3. ——: ——: BREACH: CONSIDERATION: ACTION. In this state if a party agreeing to provide a home and support for the life of another fails by his own fault in his undertaking, he fails to earn any part of the consideration and if paid in advance it may be recovered back.

4. ——: MONEY HAD AND RECEIVED: ACCEPTING PLEAD-INGS. Where, to an action for money had and received, the answer pleads a contract and the reply confesses and alleges a breach, and the trial is had upon the pleadings without demurrer or objection, the defendant after judgment can not insist that the action should have been for a breach of contract.

Appeal from the Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*R. S. Matthews* and *Otho F. Matthews* for appellants.

(1) An action for money had and received will not lie where the contract has been in part performed. In such a case the plaintiff must sue for a breach of the contract. The benefits which have accrued from the part performance will go in reduction of the damages which the plaintiff will be entitled to recover. Suddoth v. Bryan, 30 Mo. App. 37. (2) If the defendants performed a part of the contract, and failed or refused to complete it (which is not true, however, in fact) the other party has his action for damages for the part not performed. The contract can not be rescinded and held as no longer affecting the parties. If a contract is rescinded it must be *in toto,* and the parties put *in statu quo.* And where there has been a partial execution of the contract it can not be rescinded and a suit will not lie for moneys had and received. One party to a contract can not get the advantage of a part performance of a contract and consider, at his will, the contract

rescinded because of real or imaginary non-performance by the other party, but he must do all the contract requires of him and seek his remedy in damages.   Suddoth v. Bryan, 30 Mo. App. 37; Melton v. Smith, 65 Mo. 315, 324; McCrillis v. Carlton, 37 Vt. P.; Edwards v. Chapham, 1 M. & W. 231; Hunt v. Silk, 5 East. 249.   (3)   Contract for support and maintenance are upheld in this state the same as other contracts, where there is no fraud in procuring the same, and stand on the same basis and are governed by the same principles of law.   · Cutts v. Young, 147 Mo. 587; Pennington v. Stanton, 125 Mo. 658; Keithley v. Keithley, 85 Mo. 217. (4)   He who has received a part of a consideration and makes no offer to account for what has been received, can not ask for or recover the whole.   Part of consideration is received by plaintiff.   No proffer is made to account for it.   She must account for what she has received.   A party can not affirm a contract in part and repudiate in part.   Estes v. Reynolds, 75 Mo. 563; Brown v. Weldon, 99 Mo. 564; Dobbins v. Edmons, 18 Mo. App. 307.   (5)   If there had been a breach of contract on the part of defendant Mayer, and the plaintiff desired to abrogate the contract, she should have brought suit alleging breach of contract, and tendered payment for services rendered plaintiff by defendant Mayer and money paid to her use and in her behalf.   Fisher v. Fisher, 20 Pich. 499; Thayer v. Richards, 19 Pich. 399. •

*Dysart & Mitchell* for respondent.

(1)   This action was properly brought.   An action at law for money had and received will lie whenever the defendant has received money which in equity and good conscience he ought not to withhold from the plaintiff.   Clark v. Bank, 57 Mo. App. 277; Jacoby v. O'Hearn, 32 Mo. App. 566;

Winningham v. Fancher, 52 Mo. App. 458; Chase v. Mercantile Co., 63 Mo. App. 482. And it is of no importance how the money came into his hands if the other party is entitled to it. Clark v. Bank, 57 Mo. App. 277. This action, though one at law, is grounded upon equitable principles. Davis v. Krum, 12 Mo. App. 279; Koopman v. Cahoon, 47 Mo. App. 357. (2) Even if it be conceded that plaintiff misconceived her action, and should have filed a bill in equity to set aside the contract, yet defendants are estopped to urge such objection after the trial. The defendants themselves pleaded the contract, and due performance thereof, as a bar to plaintiff's action. The plaintiff replied, admitting the contract, and alleging nonperformance and breach of the contract. No demurrer was filed to the plaintiff's reply, but the parties went to trial upon the issue of breach or no breach of the contract. This court, on appeal, will hear and decide the case upon the issues tried and decided in the circuit court. Jones v. Rush, 57 S. W. Rep. 118, decided by the supreme court of Missouri on May 21, 1900. (3) Contracts of this character between a parent and a child for a life support, stand upon a theory different from that of ordinary contracts. 1 Beach on Modern Law of Cont., p. 489, sec. 406; Payette v. Ferrier, 55 Pac. Rep. 629; Bogy v. Bogy, 41 Wis. 209; Thomas v. Thomas, 24 Ore. 251; Patterson v. Patterson, 81 Iowa 626; Bresnehan v. Bresnehan, 46 Wis. 385; Jenkins v. Jenkins, 3 T. B. Monroe (Ky.) 327; Leach v. Leach, 4 Porter (Ind.) 628; Scot's Heirs v. Scot, 3 B. Monroe (Ky.) 2; Bishop v. Aldrich, 48 Wis. 619; Reed v. Burns, 13 Ohio St. 49; Tracy v. Sackett, 1 Ohio St. 54; Devereux v. Cooper, 11 Vt. 103; Yokum v. Yokum, 77 Ill. 65; Gilson v. Gilson, 84 Mass. (2 Allen) 115; Petree v. Case, 84 Mass. (2 Allen) 516; Marsh v. Austin, 83 Mass. (1 Allen) 235; Gibson v. Taylor, 72 Mass. (6 Gray) 310; Wales v. Mellen, 67 Mass. (1 Gray)

310; Wilder v. Whitmore, 14 Mass. (15 Tyng) 261; Fisk v. Fisk, 36 Mass. (20 Pickering) 499; Landfair v. Landfair, 34 Mass. (18 Pickering) 299; Robinson v. Robinson, 75 Mass. (9 Gray) 447; Soper v. Guernsey, 71 Pa. St. 219; Ecclesiasticus, 33; 19-23. For these and other reasons the promisor in such a contract is held to a strict performance of the same. Winch v. Bean, 62 N. H. 427; Whitton v. Whitton, 38 N. H. 127; Eastman v. Batcheldor, 36 N. H. 141.

ELLISON, J.—Plaintiff brought this action against defendants for money had and received in the sum of $1,900. The defendants by answer set up that they are husband and wife, the wife being plaintiff's daughter. That in 1897, after their marriage, plaintiff being induced thereto by a desire to assist defendant, her son-in-law, in business, turned over to him certain stocks in the Deleware & Hudson Railroad of the value of $1,900; in consideration of which defendants were to care for, board and provide for plaintiff as a member of their family during her life. That after living with them in pursuance of this agreement for several months plaintiff, without the fault or desire of defendants, left their home and has since refused to return. Plaintiff, by way of reply to the answer, admitted the contract set up by defendants, but alleged that defendants broke their agreement by charging plaintiff board and by finally ceasing to keep house and going to a hotel where plaintiff would be required to pay for her room and lodging, and that she was thereby compelled to leave them by reason of such conduct on the part of defendants. On this issue, thus made, the trial court found for plaintiff in the full sum sued for and defendants in due time appealed.

The experience of lawyers and judges shows that agreements of the nature of the one just stated generally result, as this one has, in the separation of the parties in enmity and dis-

like and with great disappointment in that which at first was supposed and designed to be a happy arrangement for the advancement of one of the contracting parties and the comfort and ease of the other. .

Such contracts are in the nature of personal services which are to be rendered to the party to be provided for. The person making such arrangement for future support and care is entitled not only to the substantial provisions agreed upon, but is, by implication at least, entitled to kind and hospitable treatment to the end that their lives may be spent, as nearly as may be, in happiness and contentment. If there is a failure in providing as agreed upon; or a failure in kind and considerate treatment, having regard to the relation of the parties to each other, there is a breach of the contract. Patterson v. Patterson, 81 Iowa 626; Winch v. Bean, 62 N. H. 427; Cree v. Sherfy, 138 Ind. 354; Lindsay v. Glass, 119 Ind. 301.

The contract is so personal in its nature that it can not be assigned. If it could be assigned the consequence to the party to be provided for would be serious, since he might find himself moved about from place to place and abiding with strangers not of his choice. Thomas v. Thomas, 24 Or. 251; Lindsay v. Glass, 119 Ind. 301; Eastman v. Batcheldor, 36 N. H. 141.

Being such a contract the question remains, whether it is so entire that the consideration can not be divided or apportioned? In some jurisdictions it is held that it can be; that is to say, that even though the promisor after providing support for a time may cease to do so, he will yet be allowed, on an accounting, for the time he rendered the support. But it will be noticed that in most of such jurisdictions the entirety of contracts for personal services for a definite period, are not recognized. Thus, in Britton v. Turner, 6 N. H. 481, where the question is fully and ably discussed, it is held that a

laborer, contracting to serve his employer for an entire year for a stated sum, who voluntarily quits the employment after having served three-fourths of the time, may recover the reasonable value of the labor less whatever damage he has caused the employer by his breach of contract.

But, while we have such rule in this state as to building contracts, they being regarded as exceptional, we do not recognize the rule in other entire contracts where the service, from its nature, can not be rejected after performance and there has been no waiver. In this state if one agrees for a certain compensation to do labor for a certain time and quits, without the fault of the employer, or the act of God, before the full time has run, he can not recover anything. Earp v. Tyler, 73 Mo. 617; Hannel v. Freund, 17 Mo. App. 618; Edwards v. Meyers, 22 Mo. App. 481; Gruetzner v. Ande Fur. Co., 28 Mo. App. 263; Banse v. Tate, 62 Mo. App. 150.

Contracts to be cared for and supported during life, like the one under consideration here, we have already said are personal—are for personal service—and being for a period of a life, they are for a certain time. They therefore are analogous to and may be likened to other entire contracts for personal services. There are many authorities from other states, which may be found in counsel's brief, where lands have been allowed to be recovered by the grantor who has shown a breach by the grantee. It may be gathered from some of these that an allowance could be made for the support rendered before the breach, while others state such contracts to be out of the usual order and that it is the policy of the law to enforce *bona fide* compliance on the part of the party agreeing to support, by holding out to him the constant threat that what he has received will be taken from him, or what he was to receive will be withheld in case he does not make an honest effort to comply with his agreement.

So we hold it to be the law in this state that if a party agreeing to provide a home and support for the life of another fails by his own fault in his undertaking he fails to earn any part of the consideration and it may be recovered back. 1 Beach on Contracts, sec. 406; Payette v. Ferrier, 20 Wash. 479; Soper v. Guernsey, 71 Pa. St. 219; Richter v. Richter, 111 Ind. 456.

This being the view taken by the trial court, it follows that the judgment should be affirmed unless prevented by the insistence of defendant that plaintiff's action is misconceived. That the petition being for money had and received, a recovery can not be based on a breach of the contract for support. We need not pass on that question since defendants by their answer brought the contract into the case and plaintiff's reply confessed it but took issue as to the breach thereof. The pleadings have been accepted by defendants by their failure to demur thereto and by raising the issue themselves upon which the case was tried. Jones v. Rush, 156 Mo. 364.

The judgment is, with the concurrence of the other judges, affirmed.