L. N. DEMPSEY, Respondent, v. JOHN DORRANCE, Appellant.

**Kansas City Court of Appeals, November 21, 1910.**

1. **ATTORNEY'S FEES: Unconscionable Verdict.** Notwithstanding the fees charged by an attorney at law are supported by expert testimony and allowed by a jury, yet if they are so large as to be unconscionable, an appellate court should set aside the verdict.

2. **ATTORNEY: Service: Performance.** If an attorney is employed to attend a case for his client from beginning to end, and is wrongfully discharged, he may recover the value of his services, notwithstanding the case is still pending.

3. ———: ———: **Discharge.** If a client without cause ceases and refuses to advise or confer with his attorney concerning the service in attending a case the latter was engaged to perform, he may recover the value of his services notwithstanding the case is still pending.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*James C. Wallace* and *Lozier, Morris & Atwood* for appellant.

*J. H. Collett* and *F. C. Sasse* for respondent.

ELLISON, J.—Plaintiff is an attorney at law and instituted this action on an account for legal services alleged to have been performed by him for defendant at the latter's request. The judgment in the trial court was for plaintiff for the sum of seven hundred dollars.

The account is made up of seven different items; the first is one thousand dollars for attending to a suit of Mason against defendant for breach of promise, which is yet pending. The second is for five dollars for services in taking depositions in another case

against defendant. The third is for fifty dollars in taking depositions in the same case. The fourth is for one hundred dollars in attending to a state case in a justice's court. The fifth is for two hundred dollars in another case against defendant and several others. The sixth is for tewnty-five dollars for services rendered in a state case in St. Louis. The seventh is for ten dollars cash advanced. These sums aggregate one thousand three hundred and ninety dollars, and plaintiff credits the account with various payments aggregating three hundred and fifty-five dollars, which would leave a balance due of one thousand and thirty-five dollars.

The evidence in behalf of plaintiff tended to support the reasonableness of the charges made by him. The jury, however, made such reduction from the estimates thus given as to fix the amount to which he was entitled, after allowing the credits, at seven hundred dollars.

We are now asked to reverse the judgment on the ground that the verdict is wholly disproportionate to the service rendered and that it is unconscionable. The appeal to us, as thus made, is somewhat exceptional and extraordinary. Yet it must be admitted that if it should be conceded that the allowance made by the jury was so excessive as to strike against the conscience, we would have the authority and it would be our duty to interfere, notwithstanding the sum allowed was supported by experienced experts in the legal profession. But we cannot so designate or classify the verdict. It is founded on undisputed evidence of the nature of the services rendered defendant; and the reasonableness of the charges made was sustained by witnesses of the highest character. More than this, the point was made before the trial judge who heard the evidence and knew the witnesses and he thought it not well taken. We therefore feel constrained to reject the earnest appeal made by defendant's counsel.

But it is insisted that the employment of plaintiff in the action for breach of promise, for which the item of one thousand dollars is charged in the account, was a continuous employment from the beginning of the case until it was ended, and that as it is yet pending the service was not complete. In other words, that the employment was for a single service which has not yet been fully performed and that therefore the action as to that item is premature. The law in this state is as claimed by counsel for defendant, that if a single engagement of service is had for a specified time, or to do a specified thing, then, there can be no recovery if the plaintiff quits the service without cause and of his own fault, before the expiration of the time. If he agrees to complete a certain service and quits without cause and without the fault of his employer, he cannot recover. [Earp v. Tyler, 73 Mo. 617; Blanton v. King, 73 Mo. App. 148; Lathrop v. Mayer, 86 Mo. App. 355; Banse v. Tate, 62 Mo. App. 150; Edwards v. Meyers, 22 Mo. App. 481.]

But on the other hand, if the employment is terminated wrongfully by the fault of the employer, before the service is completed, then, in a case of this kind, the plaintiff may recover the reasonable value of his services.

In this case the defendant did not testify and we have nothing to contradict the testimony of the plaintiff, which was to the effect that while he had not been formally discharged, yet defendant had broken off all communication with him and in fact had refused to speak to him. We are warranted in inferring from the evidence that plaintiff's service in the case has been brought to an end through no fault of his, but through the desire of the defendant, and his conduct, amounting in effect to a wrongful discharge. In such circumstances the fact that the case, for service in which compensation is claimed, is still pending, will not prevent a recovery for whatever the service was worth.

We have gone over the brief and argument submitted but find nothing which we believe would justify us in interfering, and hence we affirm the judgment. All concur.