HERMAN J. STROEH, Appellant, v. ROBERT S. Mc-CLINTOCK, Sr., Respondent.

Kansas City Court of Appeals, January 27, 1908.

1. **MASTER AND SERVANT: Architect: Performance of Contract: Recovery.** If one employed to do particular service, as for instance an architect to draw plans, of his own fault fails to perform it he cannot recover, and the law will not permit a man by his wrongful acts to apportion his contract.

2. ———: ———: ———: ———: **Taste.** An architect agreed with a business man to draw plans and superintend the reconstruction of the interior of his building and the front thereof on such plan as would satisfy the latter's taste and desire. The architect submitted plans and made changes, but finally declined to make a change because it destroyed the architectural beauty and would injure him as an architect, and threw up the job and retained his plans and drawings. *Held,* he was not entitled to recover since the taste of the architect is advisory, the taste of the employer controlling.

3. ———: ———: ———: ———: **Quantum Meruit.** *Held,* further the undertaking was unlike a building contract and the architect could not recover on *quantum meruit.*

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*James G. Smart* and *Charles R. Pence* for appellant.

(1)    As the plaintiff, for no fault of his, was prevented by defendant from completing the performance of his contract, he is entitled to recover, on a *quantum meruit,* the reasonable value of his services.    Tur-

ney v. Baker, 103 Mo. App. 390; Cann v. Rector, 111 Mo. App. 164; Dempsey v. Lawson, 76 Mo. App. 522; McCullough v. Baker, 47 Mo. 401; Ehrlich v. Insurance Co., 88 Mo. 249; Chicago v. Tilley, 103 U. S. 146; Fitzgerald v. Walsh, 107 Wis. 92, 82 N. W. 717; Hand v. Agen, 71 N. W. 899; Monument Co. v. Johnson, 144 Pa. St. 61, 22 Atl. 974, 6 Cyc., 30 et seq.    (2)    Even if the plaintiff was himself in fault, and failed to fully perform his contract, yet if the services rendered by him were valuable to the defendant and were accepted by him, the defendant would be liable to pay the reasonable value of the work performed, not exceeding the contract price, after deducting for any damage which had resulted from a breach of the agreement.    Keith v. Ridge, 146 Mo. 90; Moore v. Manufacturing Co., 113 Mo. 98; Eyerman v. Cem. Assoc., 61 Mo. 489; Yeats v. Ballentine, 56 Mo. 530; Smith v. Coal Co., 36 Mo. App. 567; Heman v. Improvement Co., 58 Mo. App. 480; Brierre v. Cereal Sugar Co., 102 Mo. App. 622; Clough v. Meat Co., 112 Mo. App. 177.    (3)    The suit is not on the contract, but on a *quantum meruit.*    Glover v. Henderson, 120 Mo. 367.

*Daniel B. Holmes* and *H. C. Page* for respondent.

(1)    When a person is employed to render personal services for a definite period of time or in the execution of a particular undertaking (that being certain which may be rendered certain), he cannot recover anything on account of services rendered where he voluntarily or wrongfully abandons the service or is rightfully discharged before the completion thereof.    Posey v. Garth, 7 Mo. 96; Caldwell v. Dickson, 17 Mo. 576; Schnerr v. Lemp, 19 Mo. 41; Earp v. Tyler, 73 Mo. 619; Banse v. Tate, 62 Mo. App. 151; Paul v. Threshing Machine Co., 87 Mo. App. 654; Henson v. Hampton, 32 Mo. 410; Gruetzner v. Furniture Co., 28 Mo. App. 266. (2)    The suit is on the contract.

128 App.—24

ELLISON, J.—This is an action for the rendition of services by plaintiff to defendant in the capacity of an architect. At the close of the evidence in plaintiff's behalf the trial court sustained a demurrer thereto and judgment was rendered for the defendant.

The difference between these litigants is more of fact than of law. It is a rule of law uniformly enforced that if one employed to do a particular service of his own fault fails to perform it; or if he be employed in a stated service for a stated time and of his own fault quits before the expiration of the time, he cannot recover anything for the reason that performance on his part has not been had. [Posey v. Garth, 7 Mo. 96; Schnerr v. Lemp, 19 Mo. 41; Earp v. Tyler, 73 Mo. 619; Banse v. Tate, 62 Mo. App. 151.] In Caldwell v. Dickson, 17 Mo. 576, Judge SCOTT said that "The law does not permit a man, by his own wrongful act, to apportion his contract. As between lessor and lessee, if the lessee is deprived of any portion of the leasehold, by the act of the lessor, the law discharges him from the payment of the entire rent. The law is equally well settled that, with regard to part performance of an entire contract for labor or service, a refusal or omission to perform the entire labor or service, without any act or consent of the other party, will not entitle the party who has performed, in part, to recover any compensation for the service which has been performed. The entire performance is a condition precedent to the payment of the price, and the courts cannot absolve men from their legal engagements or make contracts for them."

Defendant had rented a one-story business building in Kansas City and he desired to remodel the interior and the front of the exterior, so as to make of it an attractive restaurant. He employed plaintiff by verbal contract to prepare drawings, plans and specifications for these changes and improvements and to

architecturally superintend their construction. The contract is alleged to be that so far as the *interior* of the building, these drawings and plans were to be such as would "satisfy the peculiar taste and desire of defendant." There are no affirmative terms of the contract alleged or shown as to the character of the drawings, plans and specifications for the exterior front of the building, but the evidence shows that the parties understood and acted upon that part of it also as providing for the taste and approval of the defendant, for the evidence shows that several times he did object to certain designs and plaintiff would make changes. Finally defendant objected to copper work in the front of the building and informed plaintiff that he "wanted an electric sign instead—that he did not want copper work at all." Plaintiff, as he, himself, testified, objected to making the change, not on account of trouble, nor that it would not be within the terms of the contract, but that it did not suit his, plaintiff's, taste and that it would destroy the "architectural features"—that it "would destroy everything that was necessary for an architectural effect on the building." The issue between the parties was sharply presented. The defendant insisted there must not be copper work. The plaintiff said "I told him that I was sorry about it, but I couldn't consent to change that part of it—that it was to conform with my ideas as an architect, and I wouldn't consent because I wouldn't like to suffer by it in my profession." Defendant then informed him that the copper work must be omitted or the plaintiff must quit, and the plaintiff informed defendant that rather than omit it he would quit. And so the matter ended, except that plaintiff retained the plans, drawings, etc., which were then in his office and gathered up those that were in the building and kept them.

The view of the trial court was correct. The taste of the architect is advisory; the taste of the employer

is controlling. Otherwise the owner could not procure what he desires. It might finally come to this: that the owner would say I think a red brick house with shutters for the windows is sightly and I want that kind of a house. The architect might say, that would be an abomination and you shall not have it. The law cannot countenance that condition of affairs. The owner should be protected in what may very properly be termed his natural rights, unless, of course, he contracts them away. Thus the owner could contract for plans to conform to the taste of the architect and when the latter performs he must receive his reward. So the contract might be for preliminary plans, drawings, etc., for consideration and adoption. But these suggestions do not imply that an architect may dictate, without a contract to that effect, what sort of material shall be used in construction, or whether the business man shall or shall not have provision made for a sign on the front of his building. The contract in this case did not name the sum to be paid the architect for his services and it was his duty to comply with the wishes of his employer. If, without his fault, he was required by the owner to do more work than should have been necessary—work required by the change of mind of the employer, that would have been proper matter to consider in determining the amount of his compensation, but it did not justify a captious quitting because of offended taste.

Plaintiff urges that this case is not like those where one is employed to do labor for a specified time and quits without cause before the expiration of the time. He likens his employment to house building contracts and says that he should be allowed to recover on a *quantum meruit*. Assuming the petition to be a declaration on a *quantum meruit* under the view taken in Glover v. Henderson, 120 Mo. 367, yet the employment of plaintiff was to do a definite work, not at all to be likened

to a building contract, though, it is true, it was work about a building. Without any proper excuse he quit that work in the midst of it. He ought not to be allowed to recover on *quantum meruit* any more than he would if he had agreed to repair a vehicle and wilfully abandoned it when half completed. [Gruetzner v. Aude Co., 28 Mo. App. 263; Lathrop v. Mayer, 86 Mo. App. 355; Paul v. Minneapolis Co., 87 Mo. App. 647.] In the first of these cases Judge ROMBAUER said that "One who sues upon a contract for personal services must show that the services have been fully performed or that their performance has been prevented by the act of God, or the unwarranted act of his employer. In case of wilful abandonment of the contract by the servant or employee there can be no apportionment of the contract. Such has always been the rule at common law, both as to menial services and services in the nature of a bailment *locatio operis faciendi*. In the latter case if the thing is left imperfect and unfinished by the fault of the workman he can recover nothing, but if not by his fault he shall have compensation *pro tanto,* subject to set-off. [Wood on Master & Servant, 291, 293, 294, note 2; Edwards on Bailments, sec. 437.] Such has always been the law of this State, whether the contract was one for a definite period or for the performance of a particular service."

We do not regard the authorities cited by plaintiff as applicable to the case as made by the evidence. The judgment is affirmed. All concur.