LEWIS S. WALDEN, Respondent, v. AMERICAN BANKERS' ASSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, May 5, 1914.**

1. MASTER AND SERVANT: Contract of Employment: Abandonment by Employee. Plaintiff was employed by defendant corporation under a contract providing that he should devote his entire time to the employment and that the arrangement should continue while mutually satisfactory, but that either party could terminate it by giving to the other thirty days' notice of a desire to do so. Plaintiff having heard that a receiver had been appointed for defendant, ceased to work for defendant, without having given or received any notice of termination, as provided in the contract. A short time thereafter, the receiver having been discharged, plaintiff proffered his services to defendant, but they were refused. In an action for the salary stipulated in the contract, from the time of such proffer to the time plaintiff entered the service of another company, *held* that plaintiff having voluntarily abandoned the contract, was estopped to assert that the contract was in force because thirty days' notice of termination was not given, in accordance with its provisions, and hence he was not entitled to recover.

2. ESTOPPEL: Taking Advantage of Own Wrong. One may not avail himself of benefits accruing from his own wrong.

3. MASTER AND SERVANT: Contract of Employment: Abandonment by Employee. One who sues upon a contract for personal services must show that the services have been fully performed, or that their performance has been prevented by the act of God or the unwarranted act of the employer, and in case of an abandonment of the contract by the employee, there can be no apportionment thereof.

4. ——————: ——————: Abandonment by Employee: Receivers. Where a contract employing plaintiff provided that he should devote his entire time to the employment and that the arrangement should continue while mutually satisfactory, but. that either party might terminate it by giving thirty days' notice to the other of a desire to do so, plaintiff's omission to render services under the contract, without having given or received any notice as provided therein, was not justified by the fact that, during the time of such omission, defendant corporation (which was not insolvent) was in the hands of a receiver, and hence defendant was under no obligation to accept plaintiff's tender of further services after the receiver had been discharged.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED.

*Arthur N. Sager* for appellant.

(1) The trial court erred in permitting plaintiff to introduce the writing dated May 24, 1911, because there is a fatal variance between the agreement or contract declared upon in the petition and the writing. 9 Cyc., pp. 750, 751; Willoughby v. Raymond, 4 Conn. 130; Green v. Cole, 127 Mo. 587; Johnson v. Mining Company, 13 Colo. 258, 5 L. R. A. 269; Pier v. Heinrichoffen, 52 Mo. 335; Gurley v. R. R., 93 Mo. 450. (2) The court erred in refusing to give defendant's instructions or declarations of law at the close of plaintiff's case, for the following reasons: First, because there was a total failure of proof with reference to the contract alleged in the petition; second, because it appeared by plaintiff's own testimony that he had abandoned the contract on August 1, 1911, when he learned of the receivership proceedings against the appellant company; third, because it appears from plaintiff's testimony that he violated the contract, if any, on the twenty-eighth day of October without notice to appellant; fourth, because plaintiff failed to show that Jno. B. Christensen, who signed the letter which he intro-

duced as his contract of employment, had any authority to bind the appellant or that he ever rendered any service to appellant or that appellant, its officers or directors ever ratified the agreement made by Christensen so as to bind the company.

*Sturdevant & Sturdevant* and *Chas. A. Powers* for respondent.

(1)   Under the statutes of Missouri, no variance shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits; and in all instances a party to avail himself of the objection of a variance must state the particulars in which he has been misled thereby, which must be supported by his affidavit, and if his contention is thereupon sustained, the only penalty visited upon the opposite party is the requirement to amend his petition upon such terms as may be just. R. S. Mo. 1909, section 1846; Shelton v. Durham, 76 Mo. 435; Almstead v. Smith, 87 Mo. 602; Hannon v. Transit Co., 102 Mo. App. 216.   (2)   Under the statutes of Missouri, where a petition is founded upon a written contract alleged to have been executed by the opposite party, the same shall stand confessed unless the execution thereof be denied by the defendant, verified by his affidavit.   In such cases, it is not necessary even to read the contract thus alleged in evidence, but the same may be so read at the pleasure of the party pleading same; nor can any defense, not arising subsequently to its execution or which would in any way destroy the legal effect of such contract, be made under an unverified general denial as plead by the defendant in this case All evidence introduced and offered by the defendant to the effect that the contract was executed without authority or that the defendant was not the party obligated therein, was incompetent under the pleadings.   The contract pleaded and described in the peti-

tion stood confessed. R. S. Mo. 1909, Sec. 1985; Smith Company v. Rembaugh, 21 Mo. App. 390; Love v. Insurance Co., 92 Mo. App. 192; Thomas v. Insurance Co., 73 Mo. App. 374; Johnson v. Woodmen of the World, 119 Mo. App. 102; Faircloth v. Finsley, 83 Mo. App. 588; Hart v. Harrison Wire Co., 91 Mo. 421. (3) Where a contract is executed on behalf of the corporation by an officer assuming to have authority, the acquiescence in and acceptance of benefits thereunder by the corporation amounts to an adoption of the contract as its own, and in such circumstances the contract is thus validated from the date of its execution and may be sued on and enforced against the corporation in the same manner and to the same effect as though it had been executed by an officer duly authorized thereunto at the time of its execution. Nor in such cases is it incumbent upon the plaintiff in the first instance to allege or prove that such contract was executed without authority and subsequently adopted or ratified, but in all such cases he may rely upon the legal effect of same as though executed by the proper authority in the first instance, such course by the corporation being equivalent to previous authorization of the officer executing same. Cook on Corporations (7 Ed.), Par. 712, and notes, pages 2435, et seq.; Van Cleve v. Union Cas. & Ins. Co., 82 Mo. App. 668; Publishing Co. v. Warehouse Co., 123 Mo. App. 13; Campbell v. Pope, 96 Mo. 473; National Bank v. Fricke, 75 Mo. 178; Donham v. Hahn, 127 Mo. 439; Chouteau v. Allen, 70 Mo. 329; Western Bank of Mo. v. Gilstrap, 45 Mo. 420. (4) Where given officers of a corporation are suffered to act for it in administrative matters, e. g., the employment of agents, employees, counsel, etc., with the full knowledge of the corporation and without protest from it, and the benefits arising from such acts are accepted by the corporation, then the corporation becomes bound by such acts; and by-laws and resolutions vesting the authority thus exercised in other officers which were not brought

to the knowledge of the other contracting party are not competent to relieve the corporation of responsibility and thus deprive the party dealt with of rights acquired in such transaction. Cook on Corporations (7 Ed.), par. 725 and notes, page 2567, *et seq.;* Ten Broeck v. Winn Company, 20 Mo. App. 19; Kiley v. Forsee, 57 Mo. 396; Rosenbaum v. Gilliam, 101 Mo. App. 126. (5) Persons dealing with a corporation through officers and agents thereof assuming to act in a managerial capacity are not bound ordinarily to question and inquire into the authority thus assumed, but, on the other hand, have a right to presume that such officers have the authority which they exercise; and where the transaction is brought to the knowledge of the corporation and is acquiesced in for a period of time by it without repudiation or protest, the corporation is bound, regardless of whether such officer had been empowered in the premises. Especially is this true where the act consists of the employment of agents and servants in the regular line of its business and the benefits of such services are received by the corporation with full knowledge of the circumstances. In such cases, the corporation is estopped to deny the authority of its officers. Cook on Corporations (7 Ed.), paragraphs 712 and 725 and notes, pp. 2435 and 2567, respectively; Lungstrass v. German Ins. Co., 57 Mo. 107; Southgate v. Railroad, 61 Mo. 89; Ten Broeck v. Winn Co., 20 Mo. App. 19. (6) Any act done upon behalf of a corporation by an officer or agent thereof assuming to act therefor where previous authority has not been given may, if within the scope of the corporate powers, be acquiesced in, adopted or ratified by the corporation and thereupon become binding upon it for all purposes. Morawetz on Private Corporations, paragraphs 618-19; Cook on Corporations (7 Ed.), par. 712 and notes, page 2435 *et seq.*

NORTONI, J.—This is a suit on an express contract to recover a stipulated salary of $50 per week for personal services. Plaintiff recovered and defendant prosecutes the appeal.

Defendant is an incorporated company, engaged in the business of insuring bank deposits, and it appears that plaintiff pursues the avocation of a solicitor of such insurance. On May 24, 1911, defendant employed plaintiff to represent it in the matter of soliciting applications for insurance. The contract of employment is in writing and conditioned to the effect that plaintiff agreed to devote his "entire working time thereunder." It stipulated, too, his compensation at the rate of $50 per week together with actual traveling expenses. By the concluding clause of the contract, it is provided the arrangement shall continue in effect while mutually satisfactory, with the understanding that either plaintiff or the company may terminate it by giving to the other party thirty days' notice by letter of a desire to do so. As before said, the petition sets out the terms of this written contract, and avers "That plaintiff since the 24th day of May, 1911, did devote all his working time to the business of defendant, and to and including the 28th day of October, 1911," wherefore he sues for $650.

It appears from plaintiff's evidence, for he personally so testifies, that he entered upon the employment in May and pursued it constantly until the first day of August, 1911, when he discontinued the service. Plaintiff testifies that he was paid in full for all services rendered under the contract until August first of that year, and the suit here proceeds for his agreed compensation at $50 per week from and after August first to and including October 28, 1911. Touching the matter of quitting the service on August first, the following questions directed to and answers by plaintiff appear: "Q. Well, what happened then? A. Well, I discontinued services at that time. Q. What do you

mean by that? A. I mean by that, that I didn't solicit any further in Indiana for the company. Q. For how long? A. Well, I never did after that, after the first of August." Plaintiff further testifies that after having discontinued the performance—that is, serving defendant under his contract—on August first, he made a contract with the International Live Stock Insurance Company to sell stock for them. He pursued this for a time by soliciting applications for the stock of the International Live Stock Insurance Company of Indianapolis on an arrangement for commissions on sales, and on October 28, 1911, entered the employ of the American Surety Association of Peoria, Illinois, soliciting stock subscriptions for them. At no time after August first, 1911, did plaintiff perform any services for defendant here, and according to his testimony, he voluntarily discontinued such employment under his contract with defendant on that date because he heard of a receivership proceeding in which defendant was involved. However, it appears that, about August 14th, defendant became free from the receivership proceedings, and thereupon plaintiff offered to go about the further performance of his contract and requested instructions concerning it. Defendant did not furnish the instructions, and plaintiff attended to the pursuit of his new employment with the International Live Stock Insurance Company. It is obvious plaintiff is not entitled to recover, and the court should have so declared, for that it conclusively appears on his own statement that he voluntarily abandoned the contract of employment.

It is true the contract stipulates for thirty days' notice to be given by either party to the other, with a view of its discontinuance, and considerable stress is laid upon this requirement because no such notice was ever given by either party. But obviously this provision may not be invoked by plaintiff if it appears, as it does, that he abandoned the contract, for

by so doing, he is estopped with respect of that matter because of his breach of it in voluntarily quitting the service without notice to defendant. One may not avail himself of benefits accruing from his own wrong. The suit proceeds to recover, as before stated, on an express contract involving personal services. There can be no doubt that one who sues upon a contract for personal services must show that the services have been fully performed, or that their performance has been prevented by the act of God or the unwarranted act of his employer. In case of an abandonment of the contract by a servant or employee, there can be no apportionment of the contract. Such, it is said, has always been the rule at common law both as to menial services and services in the nature of a bailment *locatio operis faciendi.* [Gruetzner v. Aude Fur. Co., 28 Mo. App. 263, 266; Paul v. Minneapolis, etc. Co., 87 Mo. App. 647; Stroeh v. McClintock, 128 Mo. App. 368, 107 S. W. 416; Earp v. Tyler, 73 Mo. 617; Banse v. Tate, 62 Mo. App. 150.] In the two cases last cited, it is said the only exception to the general rule above stated, which obtains in this State, is in cases relating to building contracts, as is illustrated in Haysler v. Owen, 61 Mo. 270. [See, also, Yeats v. Ballentine, 56 Mo. 530.]

Here, plaintiff says he, of his own volition, discontinued the employment and service of defendant upon hearing of the receivership proceedings on August first and procured employment with another company on a commission basis. It is true, upon learning that defendant had survived the receivership, plaintiff proffered his services to it on August 14th and requested instructions as to what to do. No instructions were ever issued to plaintiff, and he says he performed no service for defendant thereafter. In this suit plaintiff seeks to recover for the two weeks' time intervening between August first and August fourteenth as well as for all of the time thereafter until and including October 28, 1911, and, indeed, by the finding and judg-

ment appealed from, he is awarded the contract salary of $50 per week for all of this time. It is not only clear that he may not be so compensated in the circumstances of the case, but it is equally clear that he may not recover in any amount, for manifestly he abandoned the contract of his own accord, in that he embarked upon another employment and made no proffer to serve defendant from August first to August fourteenth, whereas his contract required that he should devote his entire time to the service of defendant.

Touching the receivership, nothing appears save that a controversy existed among the officers of defendant, and a receiver was appointed, who seems to have continued for but a short time and was discharged about August fourteenth. However, there is no suggestion that defendant was insolvent at the time, or that it became so thereafter. The mere fact of the receivership did not operate a rescission of the contract on the part of defendant so as to enable plaintiff to abandon its further performance, as he did on August first, and thereafter sue thereon as for a breach because defendant neglected to instruct him to commence work again after the receiver was discharged. [See Bird v. Austin, 40 Super. (N. Y.) J. & S. 109. See, also, Smith on Receivership, Sec. 17, page 51; Cox v. Volkert, 86 Mo. 505.] Especially is this true in view of the fact it appears plaintiff entered the employ of another.

The judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.